## Walker as ad. vs. Byers.

In an action of assumpsit, by an administrator, for money had and received to the use of his intestate, since his death, the defendant, under the general issue, was permitted to introduce testimony in relation to certain partnership transactions (not connected with the cause of action) between himself, the intestate and another, upon the settlement of which he claimed a larger amount from the intestate than that declared for: the same partnership claim had been the subject of a cross bill, in a chancery proceeding, against the administrator; and the court deciding that the claim was forever barred, because it had not been authenticated by affidavit and exhibited to the administrator within two years, dismissed the bill: *Held*, that testimony of the partnership claim was inadmissible as a defence to the action for money had and received.

*Error to Independence Circuit Court.*

Hon. Beaufford H. Neely, Circuit Judge.

Fairchild, for the plaintiff.

The subject matter in controversy in this case, set up by Byers' defense, to wit: that Walker, as the administrator of Pope, is indebted to him, from him and Pope being partners in

the firm of I. M. Manning, is that for which Byers' cross bill in *Walker vs. Byers*, 14 *Ark.* 246, was filed.

The parties are the same, the subject matter is the same, the decree in that case denies Byers' prayer for relief, the decree was made upon the merits, upon final hearing, in the Court of the last resort, and it cannot be reversed by the Circuit Court upon a plea of *non assumpsit.*

That the decree rendered in *Walker vs. Byers*, 14 *Ark.* 246, is conclusive in this case. See 1 *Greenlf. Ev. secs.* 522, 528, 529, 530, 534, 550, 551. 1 *Stark, Ev.* (7th *Am. Ed.*) 253, 256, 257, 262, 268. 1 *Ph. Ev.* (*Cow. & Hill's Ed.*, 1843) 321, 333, 334, 358. *Peake's Ev.* 34, 35, 36. *Cow. & Hill's notes—note* 588, *p.* 824; *note* 588, *p.* 830, 832; *note* 639, *p.* 915. *Kingsland vs. Spalding*, 3 *Barb. Ch. R.* 343. *Young vs. Black*, 2 *Cond. Rep.* 608, *from* 7 *Crch.* 665.

Walker had no opportunity to plead the former decree as an estoppel; he might rely upon it as conclusive evidence against Byers in this action. 1 *Greenlf. Ev. sec.* 531. *Kingsland vs. Spalding*, 3 *Barb. Ch. R.* 343. *Wright vs. Butler*, 6 *Wend.* 289.

In *Walker vs. Byers*, 14 *Ark.* 246, the cross bill of Byers was dismissed as against Walker as administrator of Pope, because Byers' claim fell within the exclusion of our statute of non-claim; and Byers now contends that, the decision against him in that case was not upon the merits of the transaction, and does not preclude him from an inquiry into the merits of this case.

Whenever a suit has been put on final trial, and the plaintiff cannot recover, because he fails to prove enough, or because the law is against him, the suit has been tried on its merits, and the matter involved in it can never again be the subject of legal investigation between the same parties. 3 *Cow.* 120; 2 *Denio* 243; 2 *J. R.* 181; 10 *Wend.* 520; 3 *Denio* 244; 7 *J. C. R.* 290; 4 *Mon.* 146, 459.

Mr. BYERS, the defendant.

The legal effect of the decree in the case of *Walker ad. vs. Byers*, 14 *Ark.* 246, dismissing the cross bill of Byers, for want

of authentication, under the statute, of the claim proceeded for, was merely a *non-suit*; and did not preclude him from instituting a new suit upon the same demand, if he could have authenticated it, and commenced the suit within the period of two years. And so the decree, not being *res adjudicata* as to the merits of the demand, does not preclude him in the present action at the suit of Walker, for money subsequently coming to the hands of the defendant, from showing that upon the whole account between the parties, there is nothing in equity due to the plaintiff.

The present action is an equitable one; and if there is nothing in equity and good conscience due the plaintiff he cannot recover. 2 *Greenlf. Ev., sec.* 117; *Simpson vs. Swan,* 3 *Camp.* 291; *Eddy vs. Smith,* 13 *Wend.* 488; *Clift vs. Stocdon,* 4 *Litt. Rep.* 217.

Mr. Justice SCOTT, delivered the opinion of the Court.

The plaintiff sued in assumpsit, counting only for money had and received. The general issue was the only plea interposed. The plaintiff, after proving his representative character, proved that he duly demanded of the defendant the one half of the proceeds of the judgment in favor of William H. Hynson vs. Patrick P. Burton, rendered in the Independence Circuit Court on the 7th day of February 1846. Then, after reading in evidence the record entry of the final judgment in that cause, proceeded to read the entry of satisfaction thereof, on the margin of the record—the defendant admitting that it had been entered there by him—in the following words and figures, to wit:

" I, William Byers, in behalf of myself as owner and real plaintiff in this judgment in the name of Wm. S. Hynson vs. Patrick P. Burton, and as attorney of record, do hereby acknowledge full satisfaction of this judgment in obedience to an order of this Court, made upon me at this March term thereof in this

case, said judgment, interest and cost having been fully settled and satisfied.

W. BYERS."

Attest,                              WM. R. MILLER, Clerk.

by W. A. BEVENS, Dep. Clerk.

*March 23d, A. D.* 1854.

With the exception of some little rebutting testimony, which is of no consequence in the view we take of this case, the plaintiff introduced no further testimony. The defendant, then, legitimately introduced evidence to show that he was entitled to a large fee to be deducted ·from the gross amount of the judgment in question, as reasonable compensation to him for his professional services rendered in the prosecution and defence of an unusual number of suits, all resulting, at last, after three years of professional toil, in the ultimate satisfaction of this judgment in his hands, and for costs which he had paid out on account of some of these suits; all of which were founded upon, and in necessary connection with this original judgment in question, which had been obtained, solely by his professional efforts, after the death of Mr. Pope, who seems to have written the declaration in his lifetime, and soon afterwards departed this life.

But not content with this legitimate line of defence, the defendant, in addition thereto, offered a mass of testimony to show, in substance, that, in the lifetime of Mr. Pope, he, one Manning and the defendant were partners in trade, and that in the result of that connection the defendant had made such advances of money, in the settlement of the partnership liabilities, that upon a fair settlement the estate of Mr. Pope would be justly indebted to him in an amount that would fully compen- · sate for any balance, which the representative of his estate would, otherwise, be entitled to recover of the defendant on account of Mr. Pope's interest in the proceeds of the judgment in question.

This mass of testimony the Court below allowed the defendant to produce before the jury, over the objection of the plain-

tiff, notwithstanding, as it was admitted by the defendant, that heretofore, when Manning had exhibited his original bill on the equity side of the proper Court against the defendant and the plaintiff in this suit for a settlement of this same partnership affair, the defendant thereupon exhibited his cross bill against the plaintiff, seeking to recover the identical alleged balance, which he now again sets up and claims in this suit in that behalf, and upon a full inquiry upon the merits of the issues made, and evidence heard upon final hearing, had a decree in his favor; but afterwards, upon appeal taken to this Court, he was here denied all relief, and his cross bill was dismissed, (see *Walker vs. Byers*, 14 *Ark*. 246) upon the expre·sed legal ground, that his alleged demand against the estate of Mr. Pope, had not been authenticated by affidavit as required by law, and had not been exhibited to the administrator within two years from the date of his letters, and was therefore, by force of our statute (*Dig. ch*. 4, *sec*. 85, *p*.126) " forever barred."

The Court below having thus admitted the testimony upon this point, also, consistently with that ruling, refused to instruct the jury, when moved to do so by the plaintiff, that they should disregard this evidence when considering of their verdict.

The jury, doubtless influenced by this testimony, and the refusal of the Court to give the instruction moved upon that point, found for the defendant, and judgment having been ren dered accordingly, the plaintiff brought his case here by writ of error, having first placed upon the record, by bill of exceptions, all the evidence produced upon the trial of the cause, and the instructions given to the jury and those asked and refused.

Whether or not the Court below erred in allowing these partnership transactions to be enquired into, is the only material question raised and discussed. That point was presented by the objections of the plaintiff to this branch of the testimony, and also by his motion for the instructions which the Court refused.

It is insisted for the defendant, that the denial of relief to him ultimately upon his cross bill and its dismissal, upon the grounds

above stated, was not such an adjudication upon the merits of his claim as to preclude another judicial investigation upon the same allegations.

Clearly, as we think, the judgment of this Court, was substantially, that according to our laws, upon the case made by the complainant in the cross bill, and the issues thereupon arising, and objections thereto taken upon final hearing, he was entitled to no relief whatever. And now, he presents, substantially, the very same case again, by way of cross action, and undertakes, against the objection of the plaintiff, to support it by some of the same evidence taken in that suit, upon the ground that the witness has since died, notwithstanding it was held in that case, that no evidence whatever was admissible " until it should be first made to appear on the part of the claimant, that his claim had been duly authenticated before the commencement of the suit." And this fact he does not even attempt to make appear in this case.

We say, by way of cross action—in the nature of set-off—because, it is in no way shown that the claim, proceeded for by the plaintiff in this action, had any connection with the partnership transactions. On the contrary, it seems from the evidence to have been a matter in which the intestate and the defendant were alone interested. And being of the nature of set-off, any evidence offered in support of it ought to have been preceded by notice according to the statute, to prevent surprise to the plaintiff, inasmuch as the matter was set up under the plea of the general issue instead of a special plea.

So far as this branch of the defence is concerned, we entertain no doubt but that the court erred in entertaining it, notwithstanding the attitude of the case did not allow the plaintiff to plead this former decree as an estoppel. But considering the nature of the defence, the practical result would be the same, even if it were conceded that the defendant was not estopped by this former decree and could go behind it; because the peremptory bar of the statute of non-claim would stand directly in his path, and the plaintiff, under the state of the pleadings,

could avail himself of it by way of objection *ore tenus*. Because it could not be allowed that he should not have the benefit of that statute, simply because the defendant had so shaped the pleadings that the plaintiff could not interpose it by way of replication.

The hardship complained of is but the ordinary one of a party, who loses a claim by his own laches. Here, eight years after the statute bar had been perfected as to the defendant's claim against the plaintiff, growing out of a partnership affair, in which the intestate, Manning and the defendant were concerned, the latter is alleged by the plaintiff to have come into possession of funds belonging to the estate of the intestate, unconnected with the partnership, which by law ought to have been paid to the plaintiff as the legal representative of the estate, and consequently could have come to the hands of the defendant, rightfully, only in virtue of his having been the attorney of record for the party in interest. When a recovery of these funds is sought, the defendant interposes his partnership claim against the estate. The plaintiff insisted in reply, not only upon the lapse of the two years, but that, as to this claim, the fact of the expiration of the two years had been already judicially applied to the law governing the case, and the perpetual bar deduced had been, heretofore, solemnly declared by the judgment of the proper Court.

If under such circumstances, the claim already barred would be revived, it is difficult to see why, in an ordinary case, any claim already barred by the statute of limitations, may not also be revived, simply by the process of the creditor becoming a debtor to the other party, on any new transaction, at any subsequent period of his life.

But it is insisted by counsel that although the Court erred as to this point of the defence, nevertheless the judgment ought to be affirmed upon the whole record, because, as they insist, there was no evidence to show that the defendant " actually received *money*," and consequently the jury could not have properly found for the plaintiff, even if this error had not been commited.

We think there is nothing in this objection, although it is true that the evidence is not explicit, that the defendant received *money*. Because, if, upon the evidence produced before the jury, that the judgment had been "fully settled and satisfied" in the hands of the defendant, they had found their verdict for the plaintiff, and it had been properly sustained in other respects, we could not have said that it was found without evidence as to this particular.

But in looking into the record in reference to this latter objection, our attention was directed to one of the same nature, which, at first blush, seemed fatal to the plaintiff, but in looking further through the record in that connection, it appeared that, in the matter in which the plaintiff had failed to make out his case by the testimony, one of the defendant's witnesses had incidentally dropped out an atom—scarcely more than enough to preclude us from saying that there was no evidence in the record, in support of the plaintiff's case, as to the material matter of the alleged interest of the plaintiff in the money alleged to have been received by the defendant.

So far from the plaintiff having adduced any evidence in his favor on this point, the only evidence bearing upon it, which he presented, was against him; because the defendant said, in his indorsement upon the margin of the judgment, that the plaintiff read against him, that it was "in behalf of *himself as owner*, and real plaintiff," that he entered satisfaction of the judgment.

But one of the defendant's witnesses, seeming to break the thread of the matters about which he was testifying, and indulging in an episode, proceeds to state how, in the spring of the year 1842, W. S. Hynson being in failing circumstances, and the witness and Wm. S. McGuire being his security for a large amount, they obtained from him collateral security, concluding what he had to say in this connection in the following language:

"I knew Mr. Hynson held the note on Dr. Burton, and I tried to get it, but did not succeed. Mr. James Pope afterwards told me that he had got it of Mr. Hynson, and that he thought

it would secure the amount that Hynson was owing him, Pope, and the amount he was owing William Byers. Pope said that Hynson was owing him about $300, and Byers about $450, and that they took the note. for the debts."

Here is testimony, for what it is worth, conducing to prove facts, from which a jury could legitimately draw inferences tending favorably to the plaintiff's alleged claim to an interest in the money sued for. But not only is it inconclusive, if unrebutted, but it is rendered still more so by the proof that the plaintiff had put in against himself, and the additional circumstance in proof, that the judgment in the case of Hynson vs. Burton was upon a "writing obligatory," as is recited in the record of that judgment.

Notwithstanding, however, its weakness and unsatisfactory character, we are precluded from saying there was no evidence in the record, on the point in question, without usurping the province of a jury, and after weighing all these circumstances pronounce that they amount to just nothing at all as to the point to be proved.

The result is, that we shall reverse the judgment, and remand the cause to be proceeded with.