HARVARD LAW SCHOOL LIBRARY,

## GEORGE, EX. VS. NORRIS.

Where no motion for a new trial was made in the court below, the propriety of the verdict upon the admitted evidence, is not to be questioned in this court. But when no question, tending to infringe upon the province of the jury, is involved, when the case presents simply leading points upon the pleadings, and upon the instructions and rulings of the court, it is the established practice of this court to disregard a particular error, if the judgment upon the whole record is according to law; and so, notwithstanding conceded errors, the judgment will not be reversed, if, upon consideration of the whole case, the party was not injured by them.

When the execution of a bill of sale has been proved by the subscribing witness, and the witness interrogated as to the fairness of the sale, the opposite party may interrogate him as to such facts as tend to show fraud; both, because fraud may be enquired into, and because the vendee had opened the door to such enquiry by proof of the fairness of the sale.

But evidence cannot be introduced to show that the transaction witnessed by the bill of sale was other than it recited: whether intended to be an absolute or conditional sale, a mortgage or a pledge, must be determined by the written contract.

Where the question and answer, in the examination of a witness, are entire, including some matter that might be legal and some that was illegal, the entire answer should be excluded.

The Probate Court being a court of constitutional jurisdiction, and having authority to order the sale of slaves belonging to the estate of a deceased person, the Circuit Court cannot judge of the propriety or legality of such an order, upon its introduction as evidence in a collateral proceeding,

Judgment and execution against an administrator—delivery bond given and forfeited—execution on the delivery bond judgment: *Held*, that the return of the

sheriff on the latter execution, showing a seizure and sale of the property of the intestate, was not competent evidence for him—the acts being without legal authority.

Where evidence has been erroneously admitted, and excepted to, the court may well refuse to give an instruction that such evidence was not legal, and could not be considered by the jury—the party must rest upon his exception to the admission of the evidence.

*Error to Ashley Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

WADDELL, for the plaintiff.

On the trial, the plaintiff read an absolute bill of sale from Elmyra Hundley, to said Hosea George, for the negroes in question, dated 13th September, 1855, and proved the due execution of the same, and that at the time Elmyra Hundley had actual possession of the slaves; but there was no formal delivery of them to George, and in fact, they were left in the said Elmyra Hundley's possession, but for no fraudulent or improper purpose; and that the sale was a fair and honest one. This was sufficient *prima facie* proof of the title to the negroes. 2 *Eng.* 200; *Story on Sales, sec.* 311, *and note* 3, *and authorities cited;* 17 *Ark.,* 176.

The court erred in rejecting, as evidence, the transcript of the order of the Probate Court directing a sale of the negroes. The order was by a superior court of competent jurisdiction, and not void if erroneous.

The court clearly erred in admitting evidence of the seizure and sale of the negroes under the delivery bond execution against Mrs. Hundley and her surety. These executions were not liens upon the slaves. *Biscoe vs. Sandefur,* 14 *Ark.,* 592.

There was error in admitting proof that the bill of sale, absolute on its face, was intended as a mortgage. Parol evidence cannot be given to vary a writing, and it was not material, whether the bill of sale was intended as a mortgage or not; for though it were a mortgage, still the plaintiff was entitled to recover, un-

less indeed the instrument was intended to have a fraudulent effect. But it had already been proven that this was not the case. 18 *Ark.* 170; *ib.* 579; *Phil. on Ev., Cowen & Hill's Notes, vol.* 4, *p.* 572; *latter clause of note* 286.

Yell and Hutchinson, for the plaintiff.

According to our understanding of the rule, the judgment must be reversed, if there has been any error of law in the decisions of the inferior court, no matter how this court may regard the merits of the case : that there can be no question as to the propriety of the verdict, but the court will look merely at the isolated questions of law presented, and at the evidence, no further than as it may affect them, by showing their pertinency. *State Bank vs. Conway,* 8 *Eng.*; *Duggins vs. Watson,* 15 *Ark.*; *Stillwell vs. Gray,* 17 *Ark.*

The court clearly erred in permitting the defendant to ask the witness "to explain to the jury what was meant or intended by the bill of sale," etc. Upon the ground of accident, mistake or fraud, parol evidence has been admitted in courts of equity to show that a bill of sale or deed, absolute upon its face, was intended as a mortgage or pledge, but the courts have, without an exception, it is believed, refused to apply the rule in trials at law. 6 *Hill* 219; 8 *Conn.* 117; 7 *ib.* 409; 6 *Har. & John.* 128; 7 *Greenlf.* 435; 36 *Maine* 562; 14 *Pick.* 467.

The executions and returns read in evidence by the defendant, instead of excusing him in selling the property of the plaintiff, showed a gross violation, on his part, of the law.

The Probate Court, being a court of superior jurisdiction, must be presumed to have acted according to law. Its orders and judgments are to be held valid in collateral proceedings, unless there is something upon the record showing them to be void. *Borden vs. State,* 6 *Eng.* The court, then, clearly erred in excluding the record of the order of sale of the negroes in controversy.

JAMES JOHNSON, for the defendant.

First: In order to entitle the plaintiff to recover, it was *absolutely necessary that he should have shown property in himself,* and *a right to the immediate possession of the negroes, at the time he brought his suit.* 2d *Greenlf. Ev.*, section 636.

2d. The plaintiff claims title by virtue of a purchase from Elmyra Hundley; and in this case a question was made as to the time when the property in the negroes passed, and it was *material* for him to prove that everything that the vendor had to do was already done, and *that nothing remained to be done on his part.* 2d. *Greenlf. Ev.*, section 638; 3d *Starkie Ev.*, page 1,221.

3d. The rule that parol evidence cannot be introduced to vary or alter the terms of a valid written agreement, only applies in a suit between the parties to the instrument. 1 *Greenlf.*, section 279.

4th. The court did not err in excluding the order of the Probate Court; first, because the order itself was a nullity. *Gould's Dig.*, pages 116 *and* 117. And, second, because the plaintiff did not pretend to claim under the order, he claimed under a bill of sale made by Elmyra Hundley, and the very rule which he has invoked, viz: that parol evidence cannot be introduced to vary or alter the terms of a valid written agreement, forbids his changing the *parties* to the contracts, and showing by parol that Elmyra Hundley was selling other than *her own individual interest.* 1 *Greenleaf*, section 275.

5. The bill of sale was absolute upon its face, and yet the negroes were left in the possession of the vendor—*this fact* has been held in several states *conclusive evidence* of fraud, viz: *Virginia*, 6 *Randolph*, 285; *Massachusetts*, 1 *Pick.* 288; *Tennessee*, 3 *Yerger* 475; *South Carolina, Eq., R. S. C.* 229; *Pennsylvania*, 2 *Watts & Serg.* 147; and by the Supreme Court of the United States in *Edward vs. Harben*, 1st *Cranch* 309, and in every state it has been held as "*prima facie* evidence of fraud."

6th. It is admitted that the 7th and 8th instructions asked for

by the plaintiff in error, should have been given, and that the third instruction asked for by the defendant should have been refused; but if the view which we have taken of this case be correct, then the plaintiff was not, nor could not, have been injured by the action of the court, and this court has decided in *Sweiptzer vs. Gaines et al.*, 19 *Ark.*, 96, " that where verdict and judgment upon the whole record are right, the judgment will be affirmed, though the court may have erred upon some question of law," and in 14*th Ark.*, 114.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

This case is to be reviewed here for alleged errors of the Circuit Court, in allowing and prohibiting the introduction of evidence, and in giving and refusing instructions to the jury. It is thence insisted, for the plaintiff in error, that this court will not look through the record to ascertain if a right decision is made in view of the whole case, but will determine the points of law one by one, and upon the errors, or upon a single error, that may seem to us to have been committed at the trial, will reverse the case, from legal necessity, without regard to its merits. If by this is only meant that, as no motion for a new trial was made, the propriety of a verdict upon the admitted evidence, is not to be questioned here, the argument is founded upon legal principle that is well settled, and which is recognized by numerous decisions of this court. But if it should appear, from all the evidence in a case, that the verdict was right, and that it could not have been affected by testimony that was admitted, and should have been excluded, or that was excluded when it should have been admitted, we should not be observing the spirit of the law to disturb a judgment for errors that were immaterial to a right issue of the case, and unproductive of injury to the party against whom they were committed. And this course would be taken upon examination of a bill of exceptions showing the evidence that was admitted, without or with objection, and the facts that were offered in evidence but were not admitted, although no question was sub-

mitted to the court below upon the evidence by a motion for a new trial, or by a demurrer to the evidence. Such a matter would deserve to be cautiously approached, as the confines between the right of review by this court, and the effect of an unimpeached verdict, might be faintly traced. But that is no reason why a question should be avoided. That a case involves considerations of difficulty and delicacy, is often the cause of its being brought into a court of the last resort. The course here indicated has already been marked out by this court in cases arising upon matters of evidence. *The State vs. Lawson*, 14 *Ark.*, 122; *Ryburn vs. Pryor, Ib.* 513; *Clinton vs. Estes*, 20 *Ark.*, 235; *Walker vs. Byers*, 19 *Ark.* 323.

When no question tending to infringe upon the province of the jury is involved, when the case presents simply leading points upon the pleadings and upon the instructions and rulings of the court, it is the established practice of this court to disregard a particular error, if the judgment upon the whole record is according to law. *Williams vs. Miller*, 21 *Ark.*, 472; *Hathaway vs. Jones*, 20 *Ark.* 111; *Sweiptzer vs. Gaines*, 19 *Ark.*, 97; *Abraham vs. Wilkins*, 17 *Ark.*, 325.

Upon both of these divisions of the point under consideration, *Maxwell vs. Moore*, 18 *Ark.*, 491, is a decided authority.

Then, notwithstanding the conceded errors of the Circuit Court in refusing the seventh and eighth instructions asked for by the plaintiff, and in giving the third instruction of the defendant, and any other errors that shall be found in the case, the judgment is not to be reversed if the plaintiff in error was not injured by them; if, in other words, the judgment is right upon the whole record.

In December, 1855, and in April, 1856, the defendant in error was sheriff of Ashley county; in the former month he levied upon certain slaves, to satisfy executions against Elmyra Hundley and her security in delivery bonds before given and forfeited, and in the latter month he sold the slaves under the executions. To recover the value of these slaves, Hosea George brought this suit, an action of trover, against the defen-

dant in error, claiming that the slaves were his own property at the times of the levy and sale. During the pendency of the suit, he died, and it was prosecuted by his administrator, who, to a judgment in the Circuit Court adverse to the claim of George, has brought his writ of error.

If the slaves were the property of Hosea George, the defendant had no right to take them for the satisfaction of the debts of Mrs. Hundley. To maintain the claim made in the suit, the plaintiff read in evidence a bill of sale of the slaves from Mrs. Hundley to George, dated the 13th of September, 1855. As the bill of sale had not been recorded, the plaintiff proved its execution by a subscribing witness. The plaintiff also proceeded to prove by the witness, facts concerning the sale; as, that he, as the agent of his mother, Mrs. Hundley, negotiated it with George, the particulars of payment by George, the fairness and honesty of the transaction on the part both of George and Mrs. Hundley, and that Mrs. Hundley had possession of the negroes before and after the sale, and that after the sale they continued in her possession till the defendant took them in execution; that he could not tell whether the negroes were positively delivered to George, but was of the impression that they were not; that the defendant took the negroes and sold them under executions, and that George claimed them as his own, and made his claim known at the time of the sale.

The defendant then, upon cross-examination, asked the witness what was meant by the bill of sale, whether the sale was intended as an absolute sale, and if not, what was intended by it, and under what circumstances it was made. The plaintiff objected to testimony of this sort, but the court overruled the objection, and the plaintiff excepted. The question was proper so far as its object was to show the sale to be fraudulent, because fraud may be enquired into in an action at law, and because the plaintiff had opened the door to such enquiry, by affirmative proof of the fairness of the sale from the mouth of the witness. The defendant then had a right to prove, if he could, such facts as would avoid the sale for its fraud.

It may, however, be remarked here, to save another reference to the subject, that nothing tending to prove fraud, was shown, except that Mrs. Hundley retained the possession of the negroes after the sale, and that is not, connected with other explanatory facts, sufficient to sustain a charge of fraud. *Cocke vs. Chapman*, 2 *Eng.* 200; *Danley vs. Rector*, 5 *Eng.* 224; *Hempstead vs. Johnson*, 18 *Ark.* 134.

But the defendant had no right to introduce evidence to affect the bill of sale, or to show that the transaction it witnessed, was any thing else than the bill of sale recited. Whether the transfer of the negroes was an absolute or a conditional sale, a mortgage or a pledge, was to be determined only by the written contract, and every thing said by the witness tending to show that the dealing between Mrs. Hundley and George, amounted to a mortgage, or to something short of what the bill of sale purported, was illegally permitted to go to the jury. And because the question was an entire one, including some matter that might be legal, and some that was eminently illegal, the whole question was bad, and the entire response to it was improper evidence. Conceding the propriety of the exclusion of that part of the evidence of the witness that related his own dealing with his mother about the negroes, no part of his testimony adduced upon cross-examination was proper, except the single fact that Mrs. Hundley held the negroes as the administratrix of her husband. That was in denial of the plaintiff's right, and was admissible to defeat the suit.

To avoid the effect of that evidence, the plaintiff produced the record of the Probate Court of Ashley county, and offered to read therefrom, of its proceedings, at the January term, 1853, the following entry :

"Comes Elmyra Hundley, administratrix of Joel Hundley, "deceased, and presents her petition in writing, setting forth "that, in order to pay the debts of said deceased's estate, it is "necessary that the slaves thereof should be sold ; and it appear- "ing to the satisfaction of the court, that sufficient causes exist "to require said sale, therefore it is ordered that said adminis-

".tratrix sell said slaves, either at public or private sale, which " to her shall seem most advantageous to said estate, according " to law, and make report thereof to this court."

The decision of the court in not permitting the record entry to be read is another error, of which the plaintiff complains.

To sustain the ruling of the Circuit Court the order of the Probate Court must be held to be void. That is the view, doubtless, in which the court considered it; it is so argued for the defendant in this court.

The Probate Court is a court of constitutional jurisdiction, and upon all subjects within its jurisdiction and matters submitted to it, its determination, till reversed by a superior tribunal, is conclusive. *Borden vs. The State*, 6 *Eng.* 552; *Ringgold vs. Stone*, 20 *Ark.* 534: *Bennett vs. Owen*, 13 *Ark.* 179.

The jurisdiction of the Probate Court extended to the matter of this petition, the order itself was the measure of its validity, and the Circuit Court was not to judge of the propriety or legality of the order upon its introduction in a collateral proceeding. The Probate Court, upon a subject within its jurisdiction, exercised its discretion, which must be presumed to have been well exercised. *Redmond vs. Anderson*, 18 *Ark.* 452. However erroneous the decision of the court may have been, whatever was done under it while it was in force, was legal. The court erred in not receiving the record entry as evidence. In addition to the cases in this court, which include many more than those cited, we refer to a few of the abundant authorities to be found in the books sustaining this position. *Thompson vs. Palmer*, 2 *Pet.* 157; *Grignan's Lessee vs. Astor*, 2 *How. U. S.* 319; *McKee vs. Whitten*, 25 *Miss.* 33; *Wyman vs. Campbell*, 6 *Port.* 219.

Whatever other evidence the plaintiff might or would have introduced in support of what was done under the order, or whether any was necessary, we are not to decide, and will not suggest. The first step to show an administration sale was properly attempted by the plaintiff in offering to read the record

9

entry of the Probate Court, and was improperly arrested by the Circuit Court.

The executions upon the delivery bonds, under which the defendant took and sold the negroes, and which he read in evidence, against the objection of the plaintiff, did not authorize the defendant in taking property belonging to the estate of Joel Hundley. The sheriff was directed to make the money due upon the executions out of the property of Elmira Hundley and her security in the delivery bond. The returns of the sheriff on the executions, showing a seizure of negroes of the assets of the estate of Joel Hundley, were not evidence, being acts done without authority from the writs.

The plaintiff alleges, as error in the court, that it refused to give the first, fifth, seventh, eighth and tenth instructions she asked, and did give the third instruction of the defendant.

The counsel for the defendant concede that the seventh and eighth instructions of the plaintiff should have been given, and that the third one of the defendant should have been refused. The tenth instruction affirmed the right of George, as a mortgagee of personal property, to bring his action against the defendant. It was founded on the parol evidence, that the court admitted to enable the defendant to show that the sale recited in the bill of sale was a mortgage. No instruction need here be considered that does not refer to legal evidence. The first and fifth instructions asked the court to declare, that evidence which it had admitted against the objection of the plaintiff was not legal and could not be considered by the jury. The court did not err in refusing the instructions, its error was in allowing parol evidence to go to the jury, to construe the bill of sale as a mortgage, but when the evidence was before the jury the plaintiff should have rested his objection to it on his exception to its introduction, should not have asked the court to pronounce that not to be law which the court in a former period of the case ruled to be the law—the instructions were properly refused.

But for the errors herein indicated, the judgment is reversed.