GUSTAV PFEIL, Plaintiff in Error.

*vs.*

H. G. C. KEMPER, Defendant in Error.

ERROR TO THE MILWAUKEE COUNTY COURT.

To ascertain the value of work and labor performed, or services rendered, it is improper to ask of the witness what would be his price for similar services.— The true question to be determined in such case is, not what A. or B. would charge for like services, but what are the services really worth.

The value of service requiring the exercise of professional or artistic skill may be proved by common usage; that is, what is the usual or customary rule of compensation.

Where a party has duly objected, and taken his exceptions to the admission of evidence, by submitting to the ruling of the court, and endeavoring to defend himself in the line of controversy so prescribed, he does not thereby waive his exception to the decision which forced upon him that mode of defence.

The facts in this case fully appear in the opinion of the court.

*Watkins & Stark,* for the plaintiff in error.

*Palmer & Foote,* for the defendant in error.

*By the Court,* SMITH, J. Suit commenced by the defendant in error against the plaintiff in error, before a justice of the peace of Milwaukee County, taken by appeal to the County Court, where the plaintiff below recovered judgment.

The plaintiff below declared for services done as an agent in the buying by the plaintiff of Leuning's Mill in Washington County, and travelling fees and expenses, and advice and information given in the matter, "three per cent of the purchase money as usual—$99,00." Plea, general issue.

It appeared on the trial below, that the plaintiff was a "Land Agent" in Milwaukee, that the defendant had some $6000 or $7000 to invest in real estate. It further appeared, that the said Leuning's Mill was situated in Washington County, about 20 miles distant from Milwaukee, and was at the time advertised to be sold at a chancery sale, under a decree of foreclosure, that the defendant hired a vehicle, and employed the plaintiff to go out with him, show him the property, and advise him in regard to the purchase; that the plaintiff did go out with the defendant, went over the property with him, and advised him in regard to the value; that the parties attended at the chancery sale; that the property was bid off for $8300; that the defendant was present at the sale and bid off the property himself, and that the plaintiff was also present, and that the defendant talked with him.

It also appeared, that there was a kind or branch of business in Milwaukee, transacted by quite a number of persons, who styled themselves, "Land Agents," "Loan Agents," &c., &c., and who, or some of whom, kept lists of lands for sale, or as security for desired loans, for money to be invested on real estate securities, &c., and that these "agents" charged for their services certain fees, depending, for the most part, upon the success, or consummation of their negotiations ; that they negotiated purchases and sales of lands, and for the last mentioned service usually charged a commission of three per centum upon the purchase, or sale.

On the trial, one William Finkler, was called as a witness by the plaintiff below, who, after having testified that he was a land agent in Milwaukee, and to the usual charge for negotiating and making purcha-

ses and sales, was asked by the counsel for the plaintiff the following question. "If you were employed by a person to go with him twenty miles into the country to look at lands worth $3000 or $4000 and assist him in estimating their value, and should then attend the sale of those lands with him, and advise and assist him there about the purchase, what would be your charge?" This was objected to, by the defendant, but the objection was overruled, and exception taken. Other witnesses were examined, and the same or similar questions put to them, and were admitted by the court.

Without attempting to decide whether or not the business of Land Agency and Loan Agency, was proved to be established in the city of Milwaukee, so as to entitle those engaged in it to establish a usage in regard to their compensation, which, in the absence of any special agreement would be binding upon all those who might employ them, or, whether they were entitled to be employed, or examined as experts, the question put to the witnesses in this case was certainly improper. The true question to be determined by the court or jury was, not what A. or B. would charge for like services as those rendered by the plaintiff below, but, what were those services really worth. The value of service requiring the exercise of professional or artistic skill, may be proved by common usage. But even such usage must be established by proving, not what one or another of the particular profession would charge, but what is the usual or customary rule of compensation. The error in this case consisted in admitting witnesses, who swore they were "Land Agents" to testify, each, what he would charge for the particular service which constituted the plain-

tiff's demand. Testimony as to the general rule of compensation was admitted without objection, and the particular service rendered was also proved, together with all the attending circumstances. With this the plaintiff should have been content.

But it is claimed, that this error ought not to prevail here, for the reason, that the same questions were asked the witnesses called by the defendant, and were allowed to be answered, and the same field of inquiry which was opened to the plaintiff, was likewise occupied by the defendant. We cannot, however, set off one error against another. The defendant below objected to the testimony offered by the plaintiff, but was overruled by the court. By submitting to the ruling of the court, and endeavoring to defend himself in the line of controversy prescribed by the court, he by no means waived thereby, his exception to the decision of the court which forced upon him that mode of defence. *Sec.* 1, *Starkie on Ev.* 163, 4 *Wend.* 249, 3 *Wash. C. C. R.* 580, *Cow. & H. notes* 580 *et. seq.,* 1 *Greenlf. Ev.,* and authorities there cited.

We give no opinion upon the merits of this controversy, nor have we felt called upon to comment upon law of custom or usage as applied to this case, as no objection was taken to this kind of evidence; but for the error above noted, the judgment must be reversed.

Judgment reversed with costs, and a venire *de novo* awarded.