## ANGLO-AMERICAN PACKING AND PROVISION COMPANY
## v.
## JOHN BAIER.

1. EVIDENCE—PRACTICE.—Where the question put to a witness in terms called for a statement as to the general habits of the plaintiff as a worker, which was incompetent and illegal evidence, and the court deliberately, after discussion, decided that that species of evidence was competent, and overruled the defendant's objection to it, defendant, in order to make its exception available, was not required to move to have the answer excluded.

2. SAME—WAIVER OF EXCEPTION.—Nor would the failure to object when the same species of evidence was subsequently offered have any tendency to operate as a waiver of the exception preserved.

3. NEGLIGENCE—EVIDENCE.—Upon the question whether plaintiff was in the exercise of ordinary care and skill at the time of the injury, it is competent to prove by persons having knowledge of the fact that he was commonly careless and unskillful in the particular matter in question.

4. INSTRUCTIONS.—An instruction to disregard incompetent evidence does not cure the error of admitting such evidence.

ERROR to the Superior Court of Cook county; the Hon.

Rollin S. Williamson, Judge, presiding.    Opinion filed December 8, 1886.

This was an action by Baier against the Anglo-American Packing and Provision Co., to recover for a personal injury to the former, occasioned, as it was alleged, by the negligence of the latter.    Upon a trial under the plea of general issue, the plaintiff below had judgment for $7,500, exclusive of costs, and defendant below brings error to this court.

It appears that October 6, 1883, said plaintiff being employed by defendant in the capacity of feeder to a certain machine operated by steam power, called a sausage grinder, it was his duty to put pieces of meat which had been prepared and placed upon a table opposite an opening in said machine, into the same, for the purpose of having it cut and ground into sausage meat; that said opening where said meat was so put into said machine was so high above the floor of the room that plaintiff was obliged in the performance of his work to stand upon a stool which stood about eighteen inches above said floor; that while plaintiff was so engaged on the day aforesaid, his left hand was put into said opening so far as to get caught by some of the knives of the machine, which was then in operation, and so cut and lacerated thereby that amputation of said arm above the wrist became necessary and took place.    It was alleged and sought to be proved that the plaintiff, at the time in question, was in the exercise of reasonable care and prudence, but that said stool on which he was standing was in a bad and unsafe condition, by reason whereof it tipped and went out of its proper place, in such manner as to cause plaintiff to unavoidably thrust his hand into said opening; that he had but a short time previously called the attention of defendant's foreman of said work to such condition of said stool, and that he had promised to have it repaired, but had not done it.    On the other hand it was contended on the part of defendant, that plaintiff carelessly put his hand into said machine without stopping it, or turning off the power, in order to remove meat in there which clogged the machine; that the said stool was in a reasonably safe con-

dition, and that no actual foreman of defendant had been noti-
fied of defects therein, or promised to have it repaired.

The plaintiff below called one Free as a witness, who testified
that he had worked with plaintiff at the defendant's factory,
but was absent at the time of the injury in question. The
plaintiff's counsel asked the witness to state what were the
habits of the plaintiff as a worker. To this defendant's counsel
objected, but the court overruled the objection and defendant
duly excepted. The witness answered: "He was a steady
quiet, workingman. He was a good workingman." After
that ruling the plaintiff's counsel asked the same question of
two other witnesses for plaintiff, and obtained substantially the
same answer; but the defendant did not renew the objection
to such inquiry.

The plaintiff called as a witness one Englen, who testified
that he was close by the machine and was assisting the plaintiff;
that he was stooping down just at the time of the accident, and
so did not see how plaintiff got his hand into the machine, which
was then in motion by steam power. He testified as to the bad
condition of the stool and the machine itself, as well as to the
manner of operating it. On cross-examination by defendant's
counsel, he was asked the following questions: "Did the meat
ever get clogged up in that machine? If the meat got clogged
up in that machine, what would you do to free it, or what
would Mr. Baier do? Is'nt it a fact that Mr. Baier used to put
his hands down into the funnel for the purpose of freeing the
machine from the meat?" To each of which questions the
plaintiff's counsel objected; the court sustained each objection,
and the defendant's counsel excepted. When the case was
submitted to the jury, the court, at the instance of plaintiff's
counsel, instructed the jury to disregard the evidence of said
Free as to plaintiff's habits as a worker, but said nothing as
respects the testimony of the other witnesses to the same ef-
fect.

Messrs. PAGE & BOOTH, for plaintiff in error.

Mr. PHILIP STEIN, for defendant in error.

McALLISTER, P. J. We are of opinion that the court

Anglo-American Packing Co. v. Baier.

erred in overruling the objection of defendant below to the question put to witness, Free, as to plaintiff's habits as a worker. The counsel for the latter concedes in his argument that the answer of the witness was incompetent. But he contends that the error is unavailing, because there was no motion on behalf of defendant below to exclude the answer, and also because questions of the same import and character were put by plaintiff's counsel to other witnesses without objection on the part of defendant, and substantially the same answers given. *That*, the counsel says, was a waiver of the exception taken to the question to Free, and the answer of the other witnesses being properly in, because not objected to, the defendant could not be prejudiced by the answer to the question put to Free.

We do not regard the positions so taken as tenable.

The question put to Free, in terms, called for a statement as to the general habits of the plaintiff below, as a worker. It therefore called for incompetent, illegal evidence. And when the court deliberately, after discussion, as the record shows was the case here, decides that that species of evidence is competent and overrules the defendant's objection to it, the latter, in order to make its exception available, was not required to move to have the answer excluded. All such rules of practice are based upon sound sense and considerations of convenience in the administration of justice. Gilmer v. City, etc., of Montgomery, 26 Ala. 665.

The defendant below, having taken the opinion of the court as to the competency of that species of evidence when the question was put to Free, and preserved an exception to the ruling, was at liberty to rest upon that exception, and was under no necessity, in order to make it available, to renew the objection when the same species of evidence was offered by the same party a second or third time. George v. Morris, 23 Ark. 121.

Nor did the failure to object when the same species of evidence was subsequently offered have any tendency to operate as a waiver of the exception preserved. Pfiel v. Kemper, 3 Wis. 315; Flanigan v. Lampman, 12 Mich. 58.

We are also of opinion that the court erred in refusing to allow the questions set out in our statement of the case, and asked by defendant's counsel on cross-examination of plaintiff's witness, Englen, to be answered.

Considering the nature and tendency of the evidence of that witness upon his direct examination, each of the questions asked and excluded on cross-examination was legitimate and proper. The plaintiff below was subject to the burden of proving that there was no want of ordinary care and prudence on his part to avoid the injury. Not only that, but the theory of the defendant below, based upon the very circumstances attending the accident, was, that the latter was not the proximate result of defects in the machine or its appurtenances, but was occasioned by the plaintiff having used his hands to remove the meat, when the machine got clogged with it, without turning off the power and stopping its action. In short, that the injury was caused by his own carelessness.

The witness testified to circumstances tending to show that, in the absence of every other, the tipping of the stool was the proximate cause. Now, would it not have been competent, on cross-examination, to have drawn out of the witness the fact that the plaintiff, at the very time, was improperly using his hands to remove a clog without first turning off the power? Of that there can be no doubt. The facts sought to be drawn out by the questions put and excluded had the same tendency, and were, therefore, proper cross-examination. The last of those questions was this:

"Isn't it a fact that Mr. Baier used to put his hands down in the funnel for the purpose of freeing the machine from the meat?"

By that question the witness was called upon to speak as to a fact, not from hearsay or reputation, but from his own personal knowledge; and which might lead to the development of the truth, that the plaintiff was commonly careless and unskillful as a feeder of said machine. There is high authority for saying that upon the question whether plaintiff was in the exercise of ordinary care and skill at the time, it is competent to prove, by persons having knowledge of the fact, that

he was commonly careless and unskillful in the particular matter in question. Adams v. Carlisle, 21 Pick. 146; Baldwin v. Western Railroad Co., 4 Gray, 335.

Under the decisions in this State, the instruction of the court to the jury to disregard the evidence of Free as to plaintiff's habits as a worker, can not be regarded as curing the error of admitting that evidence, especially since the court left to the jury that of the same species, called out from the other two witnesses, by questions the same as that to Free, which the court ruled to be proper.

The record shows that the trial involved a sharp contest, upon the questions of negligence as respected both parties, and what was the proximate cause of the injury. There was no such clear preponderance of the evidence in favor of the plaintiff below, as to justify this court in holding that the evidence improperly admitted, could not possibly have influenced the jury, or that any substantial error against, could not have prejudiced the defendant's case. The damages are very large, and there are some other rulings and points presented by the record and urged as errors, which we not deem it necessary to discuss, but which, when considered in connection with the errors stated, go to satisfy us that, under the circumstances of this case as tried, the defendant below did not have a fair trial, and that the case should go before another jury. The judgment will therefore be reversed and the cause remanded for a new trial.

Judgment reversed.