# ÆTNA LIFE INSURANCE COMPANY ET AL.
## v.
## JAMES R. PAUL.

*Libel—Evidence of Character—Improper Admission of—Exceptions—Waiver.*

1.  In an action to recover damages for an alleged libel, it is improper to permit the plaintiff, in the first instance and before any other testimony is given, to introduce witnesses to testify to his general character.
2.  The defendant does not waive his exceptions to such evidence by cross-examining the plaintiff's witnesses.

[Opinion filed August 3, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD; Judge, presiding.

Messrs. C. H. & C. B. Wood and Thomas Dent, for appellants.

Mr. E. A. Sherburne, for appellee.

McAllister, P. J.   This was an action on the case by appellee as plaintiff, against appellants as defendants, to recover damages sustained by the former by reason of the making and publishing by the latter of an alleged libel calculated to injure the reputation of the plaintiff for honesty and integrity. Issues formed upon the plea of general issue and pleas of justification were tried, resulting in a verdict of guilty and assessing plaintiff's damages at $4,810, upon which the court, overruling the defendants' motion for a new trial, gave judgment, and they bring this appeal.

The court upon the trial permitted the plaintiff, against the objection of the defendants, to introduce, in the first instance and before any other testimony was given, several witnesses to testify that the plaintiff's general character for honesty and integrity was good.   That this was error is clearly shown by the authorities cited by appellants' counsel.

Appellee's counsel suggested on the argument that the defendants' counsel waived the exceptions they had taken to the admission of that evidence by cross-examining the several witnesses.   He cites no authority in support of that proposition, and we think it untenable.   Anglo-Am. P. & Provision Co. v. Baier, 20 Ill. App. 376, and cases there cited.

The point has been made and argued by appellants' counsel that the court erred in permitting the plaintiff below to read in evidence the defendants' sixth special plea.   We think the bill of exceptions is too vague and uncertain in that respect to fairly present the question; therefore, it would be improper for us to discuss and pass upon it.   After introducing the several witnesses to plaintiff's good character, he offered himself as a witness in his own behalf and testified to material matters.

The admission of such evidence in support of his character before it had been attacked, and then offering himself as a

witness, so particularly commended for honesty and integrity beforehand, as was done, make the error in admitting the incompetent evidence as to character peculiarly prejudicial to the defendants. The judgment will be reversed and the case remanded.

*Reversed and remanded.*