# Anglo-American Packing and Provision Company
## v.
## John Baier.

*Master and Servant—Personal Injury—Unguarded Machinery—Action*
*for Damages—Fraudulent Conveyances—Judge's Demeanor—Attachment*
*—Evidence—Instructions.*

1.   In an action by an employe to recover for a personal injury alleged
to have been occasioned by his employer's negligence, a former judgment
having been reversed, and after the order remanding the cause the plaintiff
having sued out an attachment in aid of the action, on the alleged ground
that defendants had, within two years, fraudulently disposed of their prop-
erty, the same being denied by them, this court holds that the answer of
defendant company and its president to a creditor's bill against them,

founded on plaintiff's judgment and execution, was properly admissible as explaining certain conveyances and transactions, alleged to have been fraudulent, and that the execution issued on the first judgment, together with the return, which was *nulla bona*, was likewise admissible.

2.   Where, in such action, the president of a defendant corporation testifies upon cross-examination that a transfer of its property was not made to defeat the plaintiff's claim, it is competent to show that he had testified previous to the transfer, but subsequent to the injury, that the business belonged to the defendant corporation. If such person does not remember his testimony, an authentic report thereof may be introduced.

3.   In examining a shorthand reporter as to the testimony of a witness at a former trial, he should first be asked if a certain question was put, and if he answers in the affirmative, he should then give the witness' reply.

4.   It *seems* that notice to a master by a servant of a claim for damages arising from personal injuries suffered in the course of his employment before the transfer of the property of the former, is competent evidence upon an issue involving the motive with which it was made.

5.   The expression of a natural impatience by a judge, touching waste of time in the examination of a witness, can not be complained of.

6.   Damages in the sum of $8,000 is held not to be excessive for loss of left arm and deafness in one ear.

[Opinion filed April 3, 1889.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. Page & Booth, for appellant.

Messrs. Kraus, Meyer & Stein, for appellee.

Gary, J.   The great mass of testimony in this case, which it is impossible to condense into any reasonable compass, makes a case for a jury to decide, whether the appellee was injured as the result of negligence by the appellants, while himself not guilty of such negligence as would prevent a recovery.   The verdict in his favor is the second one in the case, the former judgment having been reversed here.   20 Ill. App. 376.   Then the verdict was $7,500, and now it is $10,000, of which $2,000 was remitted and judgment entered for $8,000.

From the evidence it seems to appear that his ability to

Anglo-American Packing & Provision Co. v. Baier.

earn wages is diminished about $300 per annum, and from that appellants argue that the damages are excessive. At the time of the injury he was twenty-eight years old, and by it lost his left arm and has since been deaf in his left ear. If pecuniary loss were the measure of damages, they are excessive; but how can the compensation for pain and for the inconvenience and mortification of going maimed through life be measured? In truth, money is no equivalent for such injuries, but it is the only reparation the law can give and the amount must be left to the jury to fix, subject to corrections in case of abuse. The instructions fill eleven closely printed pages of the abstract; of them, as a whole, it may be justly said that they fairly stated the law, and left the facts to be found by the jury, from the evidence.

The counsel for the appellants complain that the judge on the trial expressed some impatience at the time taken in the examination by them of one of their witnesses. When that incident occurred they had examined the witness through a dozen foolscap pages of typewriting, and followed it with another dozen. Not unfrequently a question was a mere paraphrase of the answer to the question before it, and had no other effect than to call for a repetition of the first answer ; and to a large extent the questions were verbose, like "Now you may state whether or not," instead of directly asking for the information wanted. It is true that by a strange departure from common law procedure, apparently having its origin in the construction and application of a statute requiring the court to instruct the jury only in writing, and as to the law of the case, the position of the judge on the trial of a cause before a jury, has been, in this State, so shorn of influence, that he has ceased to be fairly responsible for the orderly conduct of the case, or that justice shall be done in it. Looking at this record, there appears to have been good cause for a very natural impatience, and the ineffectual effort of the judge to expedite the proceedings was no error. On the merits and the general conduct of the case relating to the issue upon the merits, there is no error.

There is another issue. The first trial and judgment were

at the March term, 1886. That judgment being here reversed, the order remanding the case was filed in January, 1887, and May 6, 1887, the appellee sued out an attachment in aid of the action, on the alleged ground that the appellants had, within the last preceding two years, fraudulently disposed of their property. The appellants traversed the affidavit for the attachment. On that issue the appellee put in evidence the return upon an execution issued April 5, 1886, on the first judgment. The return was *nulla bona* May 6, 1886. The appellee put in also the answer of the appellants and Robert D. Fowler, to what, though not stated in the abstract, must have been a creditor's bill against them, founded on the appellee's judgment and execution. Deeds from Anderson Fowler to the appellants stating a consideration of $150,000 in 1879, and from them back again, stating a consideration of . $5 in 1885, were also put in, and Robert D. Fowler, president of appellants, as a witness for appellee, called to testify as to the actual considerations of the respective deeds. He testified that the company substantially ceased to do business in 1884, and wound up its affairs, and it appeared that with the same plant, a new corporation, with the same name, except "packing and" omitted, and substantially the whole stock held by the same family in each corporation, commenced in 1885. Now, as to all these mutations, the real facts as to how they occurred, were admissible. They did happen, and the question being whether fraudulent or not, the fact that they did happen must be proved, in order that any inquiry as to their character can be made. For that inquiry the answer in chancery of the appellants containing their explanation of the transactions, was competent evidence for the appellee. Though the appellee put in only the return on the execution, yet doubtless the jury saw the execution also, and it was right that they should. The issue to be tried was whether the conveyances were fraudulent. One material circumstance, that the appellants were left insolvent by the conveyance, was proved *prima facie* by the return *nulla bona*. Cowles v. Litchfield, 2 Scam. 356; Raplee v. Morgan, Id. 561.

The return itself meant nothing; only by looking at the

writ, had the return any significance.   The return speaks of "this writ."   Only the writ itself showed whether it was a writ calling for money or not.   On cross-examination by appellants' counsel, Fowler testified that at the time the business of the appellants was closed up, the officers and persons connected with the appellants had no knowledge of the appellee's claim, and did not know about his suit; that they certainly did not close up the business and transfer the property for the purpose of defeating his supposed claim. The appellee was injured October 6, 1883.   On re-direct examination Fowler was asked whether, in November, 1884, in a suit by appellee against himself and others personally, for the same accident, he had not testified that the whole business belonged to appellants.   He admitted testifying in the same suit, that the business was not conducted by the defendants, but remembered no more of his testimony on that occasion.   The appellee's counsel put many questions reciting his supposed testimony on that trial, to which his reply was that he did not remember the testimony.   The appellee then called a shorthand writer who took the testimony of Fowler on that trial, and proved by him that testimony, the effect of which was that the business and property in and upon which the appellee was injured, belonged to appellants.   As original evidence, it would seem that notice to appellants of the appellee's claim, before the transfer of all their property, would be competent evidence upon an issue whether that transfer was fraudulent.   A conveyance for the purpose of avoiding the collection of damages in a pending action for a tort is fraudulent.   Bougard v. Black, 81 Ill. 186; Walradt v. Brown, 1 Gilm. 397.

And when the appellants, as new matter had from their president, put into the case that the transfer was not for the purpose of defeating the appellee's claim, it was competent on cross-examination to show by him, and if he did not remember, then by an authentic report of his testimony, that months before the transfer, he, as a witness, had relieved himself from personal responsibility, if any there was, by imposing it upon the corporation of which he was president.

The manner of examining the shorthand writer was irregular. He should have been asked whether a question, repeating it, was asked, this being merely introductory, and when he said that it was, then he should have been asked what reply was made, instead of repeating the reply in the question. 1 Greenl. on Ev., Sec. 434; 2 Taylor on Ev., Sec. 1404.

But it is obvious from the record that the manner did no harm, as the appellants made no question upon the truth of the report. There is no error in the record, and the judgment is affirmed.

*Judgment affirmed.*