82   449
91   143

## GEORGE W. WILLIAMS v. NORMAN H. WILLIAMS AND HENRY B. BENNETT.

*Evidence—Value of services.*

A witness who is not shown to have any knowledge of the value
   of the services for which a suit is brought, beyond that pos-
   sessed by the jury, cannot give his judgment of such value,
   based upon what he considers the services of the plaintiff worth
   to him in a line of business not disclosed by the witness.

Error to Wayne.    (Brevoort, J.)    Argued June 25, 1890.
Decided October 10, 1890.

*Assumpsit.*    Defendants bring error.    Reversed.    The
facts are stated in the opinion.

*Barbour & Rexford,* for appellants.

*S. E. Engle,* for plaintiff, contended:

1. It is competent to show what is a fair salary for a man by
   82 MICH.—29.

those who know his character and ability, and especially by those who have actually employed him.

2. *Pfeil v. Kemper*, 3 Wis. 315, cited by counsel for appellants, would be applicable if the witness Polk had been asked what salary he would have charged for plaintiff's services as carriage salesman, but the inquiry was directed to the value of plaintiff as a salaried man; and *Lamoure v. Caryl*, 4 Denio, 370, also cited, would be in point if the witness had been a farmer; but he was a business man, employing men on salaries, and was acquainted with plaintiff, and had employed him on a salary.

LONG, J. This action was tried in the Wayne circuit court before a jury, and resulted in a judgment in favor of the plaintiff in the sum of $135. Defendants bring error.

On the trial, the plaintiff claimed, and gave evidence tending to show, that on April 1, 1889, the defendants entered into a partnership in the livery business in Detroit, and that a few days afterwards they decided to open a carriage repository in a room adjoining the livery stable, and about April 6, employed the plaintiff, who is a brother of the defendant Norman H. Williams, as a salesman, and to work in the repository room upon a salary; that the amount of the salary was not agreed upon, each partner referring it to the other, and putting it off from time to time; that plaintiff set about fitting up the wareroom, and continued in their employment until about June 11, 1889, when he quit work, with the consent of the defendants. The plaintiff claimed to recover upon the *quantum meruit*. He testified that his services were worth $25 per week, and that he had only been paid during the time $30.

The defendants claimed upon the trial, and gave evidence tending to show, that they never employed the plaintiff, or agreed to pay him anything for his services; that the plaintiff was out of employment, and was accustomed to make his head-quarters at his brother's, and

whatever work he did for the defendants was done voluntarily, and without request; and that altogether he did but little work there.

The errors relied upon for reversal relate to the rulings of the court in the admission and exclusion of evidence, and the charge of the court.

The plaintiff called in his behalf as a witness Mr. R. L. Polk, a directory publisher, who testified that plaintiff was in his employ, and he found his services satisfactory. He was asked:

"What is a man of his ability and character, judging from your acquaintance with him in a business way, what are his services worth a month?"

This was objected to as incompetent and immaterial, and for the reason that no foundation had been laid for the question. The witness answered:

"Of course, I only say what Mr. Williams is worth to us. We pay him $25 a week. We find his services desirable at that price."

Counsel for defendants moved to strike out this answer as not responsive to the question. This the court refused. It is upon this ruling that the first assignment of error is based. The court in its charge to the jury, speaking of the testimony of Mr. Polk, said:

"Mr. Polk, a person who has known him for some time, and in whose employ he is now, has told you that the plaintiff was worth to him the sum of $25 a week; that is the sum he is paying him at the present time for his services. Well, I have allowed that, gentlemen, and, while the rules of law allow the witness to testify in his judgment, from his experience, what a man's services are worth, yet you have to accept that as you do all testimony, because Mr. George Williams, the plaintiff, may be a very valuable man to Mr. Polk, who is in the directory business, * * * yet for some other line of business he might not be nearly so valuable. Therefore it is for you to say, under all the circumstances, if you arrive at the

conclusion and believe from this evidence that he had made the bargain with Williams and Bennett to go to work."

The court was in error in refusing to strike out this answer. It was not responsive to the question, and it afforded no basis for a comparison of what the services he rendered to the defendants were worth. His services to Mr. Polk in the particular line of business in which he was engaged, which is not disclosed here, may have been worth all he paid, and may have been desirable to him at that price, but the question in issue here was, what were the services of the plaintiff which he rendered to the defendants worth? The witness was not asked nor did he pretend to state what service the plaintiff rendered to the defendants; and it is not shown that he had any knowledge of the value of the services for which the action was brought; and it is not shown that he had any means of knowledge on the subject beyond the range of the jury. The testimony was incompetent, and should have been stricken out. *Pfeil v. Kemper,* 3 Wis. 315; *Lamoure v. Caryl,* 4 Denio, 370.[1] It is true that this class of testimony is often received, and is in the nature of expert testimony; but the witness must have some knowledge of and experience concerning the matters to which he is called to testify.

It is contended that the court was also in error in refusing to allow the defendant Williams to testify what wages he was paying to men in the livery barn. There was no error in this. The plaintiff, according to his testimony, was not employed as an ordinary stable boy, but to take charge of the carriages and the repository room. The defendants denied all liability, and any contract of employment whatever.

The only remaining error claimed relates to the charge

---

[1] Cited by counsel for appellants.

of the court. It is claimed that the court practically instructed the jury to determine the value of the plaintiff's services independently of the evidence. The charge taken as a whole does not bear any such construction. The case was very fully and fairly submitted upon the theory of the defendants as well as the plaintiff, and the jury instructed that if there was no agreement under which plaintiff went to work he could not recover. If, on the other hand, they were satisfied by a preponderance of evidence that an agreement for the work was made, as claimed by the plaintiff, he was entitled to recover the value of such services, and his recovery would be for such an amount, under all the circumstances, as the jury thought him entitled to. The jury could have understood this charge in no other light than that in fixing the value of such services they must be guided by the evidence given on the trial. There was no error in the charge.

For the error pointed out, however, the judgment must be reversed, and a new trial ordered.

CHAMPLIN, C. J., MORSE and CAHILL, JJ., concurred. GRANT, J., did not sit.