# JOHN HINTZ

## v.

# MARY GRAUPNER.

*Slander—Evidence—Damages—Practice.*

1.   It is proper in an action for slander, the declaration alleging, and the testimony of witnesses showing, that defendant had said that plaintiff had confessed to a certain person to the commission of a crime, to allow the plaintiff to call such person to disprove the alleged confession before allowing the defendant to attempt to prove its truth.

2.   In such case whatever may have been said by defendant down to the day of trial is competent evidence if it tended to show malice on his part.

3.   Though malice is implied from the utterance of false and slanderous words, the plaintiff is at liberty to prove express malice in aggravation of damages.

4.   Evidence as to the acts of the defendant in endeavoring to obtain the indictment of the plaintiff for the crime which he was accused to have committed, is competent, though instituted after the commencement of the suit for slander.

5.   The malice that is implied from the speaking of actionable words is a sufficient basis for the award of punitive damages.

6.   In such actions the jury must fix the damages, and in the absence of passion or prejudice their verdict can not be interfered with.

[Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. EASTMAN & SCHUMACHER and JAMES J. HOCH, for appellant.

Testimony attempting to show the slander is false before it is proven true, to establish the good character of the plaintiff before she is attacked, and impeach the defendant before he is put on the stand, is objectionable.   This must have had the effect to prejudice the defendant before he was heard, and have influenced the jury in giving such an excessive verdict. In the case of Ætna L. Ins. Co. v. Paul, 23 Ill. App. 611, it was held error to allow the plaintiff to introduce evidence of his

general character in the first instance.    See, also, Harrison v. Shook, 41 Ill. 141.    These questions are not proper as impeaching, as the defendant had as yet offered no testimony. Root v. Wood, 34 Ill. 283; Miner v. Phillips, 42 Ill. 123.

The court committed a similar error in allowing the plaintiff to testify that she never made a confession as to the stealing of Kolberg's money to Mrs. Vosberg or any other person.

For the purpose of showing malice toward the plaintiff and thereby increasing the damages, evidence was introduced tending to show that years before the defendant had had trouble with plaintiff's father (on account of a bastardy suit brought against him, the defendant) and still had a grudge (*Rache*) against him.    This is clearly error and so held in Stowell v. Beagle, 57 Ill. 97, where the court says (p. 100):  " We think there was error in admitting the testimony of witnesses as to a prior personal difficulty between the defendant and Thomas Beagle, the father of the plaintiff, and the existence of hostile feelings between them.    The evidence should have been confined to the issue in order that the attention of the jury may not be distracted by a variety of questions from that which is the subject of inquiry.    If the evidence was admitted to show actual malice in the defendant toward the plaintiff, that could not be inferred from personal difficulties or hostile relations between the defendant and her father, even though she was a member of his family."    This has been passed on by the courts of other States.

In York v. Pease, 2 Gray (Mass.), 282, the court says : " In an action of slander for charging an infant with larceny, evidence of a previous quarrel between the defendant and plaintiff's father and next friend is inadmissible to prove malice in the defendant toward the plaintiff."

Former controversies between the parties to suit are not admissible on question of damages.    Lister v. Wright, 2 Hill (N. Y.), 320.

The defendant can not prove in mitigation of damages, irritating and taunting language addressed to him by the father of the plaintiff immediately previous to the uttering of the slanderous words.    Underhill v. Taylor, 2 Barbour

(N. Y.), 348; see also, Goodbread v. Ledbetter, 1 Dev. & B. (N. C.) L. 12.

It is held in many States that evidence of malice is inadmissible where the words used are actionable *per se*. The law implies malice from proof of the wrongful transaction. Howard v. Sexton, 4 Comstock (N. Y.), 157; Townshend on Slander, 4 Ed. p. 75, 647.

Mere dislike or ill-will toward one by another does not constitute malice in the legal sense, and can not be shown to mitigate or enhance the damages. Townshend on Slander, 4 Ed. 732, note No. 9; Barr v. Hack, 46 Ia. 308.

If this testimony is admissible, where could the courts draw the line? They must include the ill-will of the defendant toward the friends, as well as the relatives of the plaintiff, extending over a period of years, in estimating the measure of damages.

This testimony is objectionable on other accounts. It is introduced to show malice, that the act was done maliciously, and aggravate the damages. The conversation did not take place until over a year after the slander (p. 11) and six months after the suit was commenced, and the fact that John Hintz had a grudge against the defendant's father at that time would have no tendency to show a grudge at the time of the slander. Justice v. Kirlin, 17 Ind. 588.

On the question of damages the court refused to give instructions numbered fourteen and twenty-one asked for by defendant, and gave his own instruction number six. All that is said on exemplary or punitive damages is contained in this instruction as follows: " The law permitting you to give exemplary damages by way of punishment." The court should have qualified this instruction by adding the words, or their equivalent, "if you find the alleged slanderous words were spoken with express malice." We are aware that the Supreme Court of this State has said in the case of Schmisseur v. Kreilich, 92 Ill. 347, that from the speaking of actionable words malice is implied which will justify the assessment of exemplary damages. The case of Flagg v. Roberts, 67 Ill. 485, is cited by the court as author-

ity for this dictum.   We fail to find any such ruling in the case of Flagg v. Roberts, and think that a careful examination of the authorities in this and other States will show that the ruling in the case of Schmisseur v. Kreilich is erroneous. From the speaking of words actionable *per se*, malice is implied and this is known as malice in law, and entitles the plaintiff to recover such damages as will compensate him and make him whole for his outraged feelings.   When, in addition to this, express malice is shown, that is, that the words were spoken with malicious intent, this is known as malice in fact, and entitles the plaintiff to recover exemplary, vindictive or punitive damages so-called.

In support of the rule of law as above set forth, we cite the following authorities: Townshend on Slander, 4th Ed. p. 77 and 520; Shattue v. McArthur, 29 Fed. R. (Mo.) 136; Hames v. Shultz, 50 N. J. L. R. 481; Grace v. McArthur, 45 N. W. R. (Wis.) 518; Stacy v. Portland Publishing Co., 68 Me. 279; Neeb v. Hope, 2 Atl. R. (Pa.) 568; Broughton v. McGrew, 39 Fed. R. (Ind.) 672; Wynne v. Parsons, 17 Atl. R. (Conn.) 362; Bowden v. Bailes, 101 N. C. 612; Newman v. Stein, 75 Mich. 402; Wimer v. Allbough, 42 N. W. R. (Iowa) 587; Casey v. Hulgan, 118 Ind. 238.

In all actions of slander and in consideration of exemplary damages, the *quo animo* is the controlling consideration. Cummerford v. McAvoy, 15 Ill. 311; McKee v. Ingalls, 4 Scam. 30; Ayers v. Grider, 15 Ill. 37; Thomas v. Dunaway, 30 Ill. 373; Suckerman v. Sonnenschein, 62 Ill. 115.

The correct rule of law on the measure of damages is laid down in Rearick v. Wilcox, 81 Ill. 78, where the court says (p. 80), from the publication of words actionable *per se*, "the law implies malice and appellant was entitled to recover such compensatory damages as he had sustained."   The court further says in this case, that it is proper for the defendant to prove the facts and circumstances connected with the publication, to show the absence of malice in fact, and such evidence is competent on the question of exemplary damages, but not as affecting compensatory or actual damages.   On account of the court's failing to notice this difference in the effect of

malice in fact on exemplary damages, the judgment was reversed.

Messrs. CUTTING & AUSTIN, for appellee.

The objection that this conversation took place after some of the alleged slanders had been uttered is of no weight. Evidence of the repetition of the slander, even after the beginning of suit, showing malice in aggravation of damages, is expressly allowed in this State. Hatch v. Potter, 2 Gilm. 725; Stowell v. Beagle, 79 Ill. 525.

Certainly Hintz can not complain that we adopt the explanation of his actions which he himself gave, and how he could state such motive before he acted, instead of shortly after, as he did, we do not perceive. It would be quite unusual for a slanderer to state his motives before he uttered the slander.

A late Pennsylvania case holds that when, in a slander, an indictable offense is charged, no proof of actual malice is necessary, the presumption of malice being sufficient to support exemplary damages. Regensperger v. Keefer, 7 At. Rep. 725.

The Court of Appeals of New York has said: " The falsity of the libel is sufficient proof of malice to uphold exemplary damages, and plaintiff's right to recover them is in the discretion of the jury." " When the falsity of the libel has been proved, as a general rule it is sufficient to warrant the jury in giving exemplary damages." " Upon the charge made against the plaintiff in the article published, the falsity of which was made to appear, it was the duty of the jury to say, in their discretion, whether punitive or exemplary damages should be awarded." Bergman v. Jones, 94 N. Y. 51; Samuels v. Evening Mail, 75 N. Y. 604; S. C., 9 Hun, 288.

The case cited by counsel, Rearick v. Wilcox, 81 Ill. 77, as the only Illinois case even tending to uphold their doctrine in regard to exemplary damages, is, we submit, not in point. There was in that case no plea of justification, and the court held that a plaintiff was, in any event, upon showing the falsity of the charge, entitled to his compensatory damages, that is, his actual damages—for the courts do not *compensate*

a man for damages that are not actual—and that as the court below had so charged the jury that they were at liberty, if they believed that the motive of the publisher was good, to assess only nominal damages, there was error and the *plaintiff* obtained a new trial.   The court further holds that the jury may take the motive—the malice—of the defendant into consideration in assessing anything beyond strict compensation, but there is not a line in that case that even tends to the holding that actual ill-will or malice must exist to warrant exemplary damages.

Moran, P. J.   This appeal is prosecuted to review a judgment rendered against appellant for slander of appellee.   The alleged slander consisted of a statement laid in the declaration in various forms, charging in substance that appellee had been guilty of stealing money.   The evidence clearly supports the verdict in finding that appellant was guilty of uttering the slanderous words, but it is contended that various errors were committed by the court during the progress of the trial, which constitute grounds for setting aside the verdict.

One of the forms in which the slander was laid in the declaration, and shown by the testimony of witnesses to have been spoken, was as follows:  "Mary Moldenhauer" (meaning the plaintiff) "has confessed to Mrs. Vosberg that she stole the money."  The plaintiff was allowed to call Mrs. Vosberg and to prove by her that plaintiff had never made any such confession to her.   It is urged that this was error, as no evidence had yet been introduced by defendant to show that said statement was true.   Appellant had a plea of justification on file, alleging the truth of the alleged slanders.   We can not perceive how it could be injurious to him to allow plaintiff to prove the falsity of said statement, before he attempted to prove its truth.   If the statement was slanderous, without evidence that it was false, then the order in which the plaintiff introduced his proof on the issue made by the plea of justification, was, in fact, advantageous to appellant.   If the evidence was not to be applied on the issue made by the plea, then it did not harm the appellant, for it only proved that which would be implied without proof.   It is

not like the case of Ætna Life Ins. Co. v. Paul, 23 Ill. App. 611, cited by appellant.

It is urged that it was error to allow evidence to be given of a conversation held by appellant with the father of appellee some six months after this slander suit was commenced. The conversation related to the trouble between appellant and appellee, and whatever was said by appellant about appellee, or his feelings toward her down to the day of trial was competent, if it tended to show malice on his part. Though malice is implied from the utterance of false and slanderous words, yet the plaintiff is at liberty to prove express malice in aggravation of damages. No attempt was made to prove a difficulty between appellee's father and appellant. It was what appellant said about such a difficulty in a conversation relating to his treatment of appellee, that was proved, and in such connection it was entirely competent.

On the same grounds, all appellant's acts showing a desire and an effort by appellant to procure appellee to be indicted for the alleged larceny, were competent, even though such effort was made after the commencement of the slander suit.

It is contended the court erred in instructing the jury as to the damages. The instruction was as follows: "On the question of damages you are instructed that actual damages need not be proved, but you will give such damages as under the evidence you think right and proper, the law permitting you to give exemplary damages by way of punishment."

It is said by counsel that exemplary damages by way of punishment are not authorized unless the jury find express malice. This is not the rule in slander. The malice that is implied from the speaking of actionable words is a sufficient basis for the award of punitive damages. This is directly determined in this State by the case of Schmisseur v. Kreilich, 92 Ill. 347, and so far as we are advised has been always so decided where the point has been made. Buckley v. Knapp, 48 Mo. 152; Clements v. Maloney, 55 Mo. 352, and cases there cited.

Slander is not like the ordinary action for tort, such as trespass for injury to the person or property. In such cases,

in order to recover more than actual damages, it must be shown that the trespass was wantonly and wilfully committed.

There are other alleged errors pointed out and relied on by counsel, but we do not deem it necessary to discuss them further than to say that we have considered them all, and do not regard them, or any of them, as being well taken.

The damages are pretty large, but the jury is the tribunal provided by law to fix the damages in such cases, and unless the amount is so large as of itself to indicate passion on the part of the jury, an Appellate Court can not interfere.

*Judgment affirmed.*