## West Chicago Street Railroad Co. v. Augustus D. Groshon.

1. WITNESSES—*Not to be Insulted on the Stand.*—Witnesses should not be insulted when on the stand; nor should their examination be a contest of skill or nerves between a witness and a lawyer.

2. INSTRUCTIONS—*Respecting Principles of Law.*—In instructing the jury it is not the duty of the court to repeat the same principle of law; it is sufficient if it is stated once fairly and intelligibly to the jury.

3. INSTRUCTIONS—*Referring the Jury to the Declaration.*—In giving instructions to the jury, it is absurd to refer them to the declaration as to the issues in a case.

4. INSTRUCTIONS—*A General Rule.*—Instructions should, in a clear, concise and comprehensive manner, inform the jury as to what material facts must be found, to recover or to bar a recovery. They should never be argumentative, equivocal or unintelligible to the jury. What may be plain to a lawyer, or to a mind well trained to reason and to apply principles, may be to those not in the habit of reasoning, obscure and difficult of being understood.

5. INSTRUCTIONS— *Right of the Parties to Have—Not Lost, When.*— The right of a party to a plain, simple instruction upon a material point, does not depend upon the action of the court at the instance of his adversary. And that right is not lost by having asked and obtained other instructions which only, by a not very obvious train of reasoning, refers to the same material point.

**Memorandum.**—Action for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

WM. B. KEEP and FRANK O. LOWDEN, attorneys for appellant.

R. M. WING and S. C. STOUGH, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This action is for personal injury, and the contested question of fact is whether the appellee attempted to board a car of the appellant while it was going at ordinary speed, or

while it had stopped, or nearly so, to permit him to get upon it, as was alleged in different counts of the declaration.

It would probably have made no difference in the result —the appellee being injured and the appellant being a corporation—what instruction, short of a peremptory one to find for the defendant, was given by the court to the jury; yet error in instructions, excepted to, is usually error for which the losing party is, by law, entitled to have the verdict set aside. The appellant asked this: "The court instructs the jury, as a matter of law, that if they believe from the evidence in the case that the train of the defendant had not slackened its speed to receive the plaintiff when plaintiff attempted to get on board the car in question, then your verdict must be for the defendant."

The court refused the instruction and the appellant excepted. For the appellee the court had instructed the jury that if they believed, "from the evidence that the plaintiff was injured through the fault and negligence of the defendant, as set forth in the declaration," etc. Certainly the parties, so far as the action of the court went, were entitled to an equal representation to the jury of their claims. The effect of the instruction for the appellee, was that the plaintiff should recover if his declaration was proved; why should not the jury be told that he should not recover if it was not proved?

The question is not, as put in the brief of the appellee, whether the court should tell the jury that certain facts prove negligence, but whether the court should tell the jury that if the declaration is not proved, the plaintiff fails. The car could not have stopped, as alleged, in the first and second counts, unless it had first slackened speed as alleged in the third. The instruction asked and refused was the only one upon the point of slackening speed presented by either party.

To refuse it was error. An error more likely to be damaging in its effect was committed thus: A witness for the appellee had testified, " By that time the conductor had come over, and I said, ' You better put him on the car

and take him to the drug store.' He said, 'No, carry him to the drug store, it is only a little ways.' I said, 'No, I won't do that;' so the men interfered and said, 'Put him on the car.' We put him on the car and brought him to the drug store."

On cross-examination of two conductors—witnesses for appellant—counsel for appellee said first to one of them: "Are you the man that proposed to these people that were succoring this injured man, that they carry him on their backs to the drug store, instead of bothering your train to carry him? Are you that conductor, or was it the other fellow?"

And afterward to the other: "Are you the conductor that told these young men that were assisting Groshon on the car, that they better carry him on their back to the drug store, and not delay the train?"

The court, without objection from the counsel of the appellant, should have stopped such an examination. The counsel of the appellant objected to the questions and excepted to the overruling of the objections. Witnesses should not be insulted when on the stand, nor should their examination be a contest of skill or nerves between witness and lawyer.

Both these questions assumed what there had been no testimony tending to prove. It was competent to ask these witnesses on cross-examination as to their own conduct in the transaction they were testifying of, but it should have been by questions that left the narrative to them.

There is a sneer in each question, most marked in the first: "Are you that conductor, or was it the other fellow?"

"Worth makes the man, and want of it, the fellow."

Suppose that on the street, after the trial, the witnesses meeting the questioner, one of them asks, "Are you that lawyer that asked us questions or was it the other fellow?" In this State the courts have so little control of the proceedings before them, that really no other way is left to enforce decorum toward witnesses and in the addresses to juries,

than to grant new trials for breaches of it. Anglo-Am. P. & P. Co. v. Baier, 31 Ill. App. 653; Cartier v. Troy Lumber Co., 35 Ill. App. 449.

See especially opinion of Judge Moran in last case.

As the judgment must be reversed for the error in refusing an instruction, it will be easy on another trial to conduct it differently, and we need not go into more detail as to the one that has passed. The remarks of the Supreme Court in McDonald v. People, 126 Ill. 150, are as instructive in relation to trials in civil as in criminal cases. Reversed and remanded.

MR. JUSTICE GARY, OPINION ON PETITION FOR REHEARING.

There is a serious side to this petition that deserves impartial consideration. It is true that at the instance of the appellant the court did in other instructions tell the jury that to recover, the appellee "must prove his case as is alleged in the declaration," and that the court need not repeat "the same principle of law." But it is a part of the rule that the principle should have been "once fairly and intelligibly" stated to the jury—not "intelligently" as the petition quotes from May v. Tallman, 20 Ill. 443. Double-entry book-keeping is not intelligible to very many intelligent people.

This court has heretofore expressed its sense of the absurdity of referring a jury to the declaration as to the issues in a case. Penn Co. v. Versten, 41 Ill. App. 345.

The appellant was entitled to an instruction which, if heeded, would instruct that a specific act done or omitted would have a specific effect, if the consequence was a matter of law. "Instructions should in a clear, concise and comprehensive manner inform the jury as to what material facts must be found, to recover or to bar a recovery. They should never be argumentative, equivocal, or unintelligible to the jury. What may be plain to a lawyer, or a mind well trained to reason and to apply principles, may be to those not in the habit of reasoning, obscure and difficult of being understood." Moshier v. Kitchell, 87 Ill. 18.

The reference in the original opinion to the instruction given for the appellee was wholly unnecessary, though not unnatural. The right of the appellant to a plain, simple instruction upon a material point, did not depend upon the action of the court at the instance of the appellee. And that right was not lost by having asked and obtained other instructions which only, by a not very obvious train of reasoning, referred to that material point. Rehearing denied.