## Norman Cottrell et al. v. A. J. Cates.

1. FREEHOLD—*Perpetual Easements.*—A perpetual easement is a freehold in land, and this court is without jurisdiction to entertain an appeal concerning such an easement.

**Bill for Relief.**—Appeal from the Circuit Court of Logan County; the Hon. LYMAN LACEY, Judge, presiding. Heard in this court at the May term, 1896. Appeal dismissed. Opinion filed November 21, 1896.

### STATEMENT OF THE CASE.

This was a bill in chancery, exhibited by the appellants.

The bill averred the appellee had, by contract in writing and under seal, granted appellants the right and privilege of entering upon a certain tract of land, owned by him, and clearing out, deepening, enlarging, or improving, in such manner and way as they should deem best, a natural water way, which crossed said tract of land, and forever thereafter keeping and maintaining said water way in good and proper repair, etc., and that appellee had subsequently for-

bidden appellants from entering said premises or exercising such privilege, but had ordered them to leave the premises, and prohibited them from doing the work aforesaid in and about such water way.

The prayer of the bill was, the court, upon final hearing, would decree that appellants should have the perpetual right to go on the premises and work and clear out and keep in repair the water way, channel, etc.

The court sustained a demurrer to and dismissed the bill, and the complainants appealed.

BLINN & HARRIS and WALLACE & LACEY, attorneys for appellants; W. N. COTTRELL, of counsel.

H. R. NORTHRUP and BEACH & HODNETT, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The question involved in the case is whether appellants have a perpetual easement in the lands of appellee.

A perpetual easement is a freehold interest in land. Tinker v. Forbes, 136 Ill. 234; Goudy v. Lake View, 31 Ill. App. 653.

Jurisdiction to entertain the appeal is in the Supreme Court, not the Appellate Court. The appeal must be, and is, dismissed.

Appeal dismissed.