## North Chicago Street Railroad Company v. Mary Leonard.

1. NEW TRIALS—*Improper Remarks by Counsel.*—The court should, upon its own motion, see to it that arguments to the jury are kept within legitimate limits, and should not allow counsel to attempt to subvert justice by appeals to the sympathies and prejudices of a jury in trials where such feelings may be easily aroused; and it is the duty of the trial judge if he believes that any improper elements have been worked into the case by unfair and prejudicial appeals to the jury, to award a new trial, if for such prejudicial matter one be asked, although no objection was made to such matter during the trial.

2. SAME—*Improper Remarks by Counsel—When Court of Appeal will Reverse on Account of.*—A court of review may set aside a verdict, where improper appeals were made to the jury, if a new trial for such reason was asked for and denied, and such denial was excepted to and assigned for error, but it must plainly appear that substantial injustice was done and that the trial court abused its discretion in refusing a new trial.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

EDGAR TERHUNE, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a judgment for $3,750, entered upon a verdict for that amount, in an action brought by the appellee against the appellant to recover damages for an injury sustained by her as a passenger, caused by the sudden starting of one of appellant's cars, which had stopped for her to get aboard, while she was in the act of getting upon it.

The testimony of the appellee as to the manner of her getting hurt was not contradicted by any evidence offered in behalf of appellant, and the issue as to whether the injury was the result of negligence by the appellant, through its servants, was decided against the appellant, by the jury, and we may add, from the reading of the undisputed evidence on that point, was rightly so determined.

Of the questions presented by the assigned errors, but three are argued by appellant, viz., the refusal of the trial judge to grant a change of venue, the excessiveness of the verdict, and improper remarks by appellee's attorney in his argument to the jury.

The last two questions may be properly considered together.

The effectual, and perhaps the only practicable remedy in ordinary cases, is for the trial court to visit the penalty of a new trial upon counsel who attempt to subvert justice by appeals to the sympathies and prejudices of a jury in trials where such feelings may be easily aroused, and trial courts should not hesitate to use their authority in such regard. Harms v. Stier, (No. 6,574 this term,) where the latest expression of the Supreme Court upon the subject is quoted; West Chicago St. R. R. Co. v. Groshon, 51 Ill. App. 463.

And the court, upon its own motion, should see to it that arguments to the jury are kept within legitimate limits.

It is true that it does not appear that counsel for appellant did any more than, from time to time, interpose an objection to the alleged prejudicial remarks of the opposing counsel,

without calling the attention of the court to, or asking for any ruling concerning his objections; and that he only noted an "exception," in other instances, to the remarks of the counsel, instead of to a ruling by the court; but it is often a matter of extreme difficulty for counsel, whose cause is thought to be offended against on such occasions, to determine upon the risk of an interference and wrangle over such matters in the presence of the jury, and the remarks by Judge Lumpkin in Berry v. The State, 10 Ga. 511 (p. 522), are exceedingly pertinent. If, however, the trial judge does not interpose, as he properly may without being called upon, during the trial, it should, and doubtless will, always be his duty on a motion for a new trial, if he believes that any improper element has been worked into the case by unfair and prejudicial appeals to the jury, to award a new trial, if for such prejudicial matter one be asked.

Doubtless a reviewing court may set aside verdicts so obtained, by what is as much a subversion of justice as the suborning of a witness, although no ruling of the trial court was made upon the objection at the time it was interposed, if, as in this case, a new trial for such reason were asked for and was denied, and such denial was excepted to and assigned for error here, and if it can be seen from the record that material injury has resulted because of the conduct of counsel. But it must plainly so appear. The discretion of the trial judge in refusing a new trial for such a reason should not be viewed lightly. It is only where it is plain that substantial injustice has been done, and that the trial court has abused its discretion in refusing a new trial, that a court of review will reverse a judgment upon such a ground.

Unless, therefore, it be plain in this case that an excessive verdict was awarded as a result in whole or in part of unprofessional conduct by counsel engaged in the trial, the judgment should stand. Under the evidence there can be no question of the negligence of the appellant, by its servants, and if appellee were injured as severely and as permanently as there was evidence of, she should have substantial damages.

The physician who attended her testified that her hip bone was fractured in a complicated manner; that she suffered great pain; that one leg is shortened an inch and a quarter, and that " she is so lame that she has no use of the leg, and I think it is a permanent injury, and that she will not recover from it. She may have better use by and by."

Another physician, who examined her on the day of the trial, two and a half years after the accident, testified that, by measurement, he found a shortening of over one and a half inches in the leg, that there was a considerable wasting of the limb, as well as shortening of it, and that " the injury will not improve as it goes on; * * * she will never have any better use of the leg than she has now, and she now has very little." And both physicians testified to evidence of much pain still remaining.

Under such evidence, in connection with the testimony of others, we are not led to a conclusion that the recovery was increased over what it ought to be, because of anything that was said or done by her counsel upon the trial.

Concerning the assigned error because of the refusal of the court to grant a change of venue, there does not seem to be any valuable end to be served by reproducing the petition and affidavit upon which the application was made.

Upon a consideration of the whole of the record upon the subject, we are satisfied there was no error in refusing the change of venue.

The judgment of the Superior Court is therefore affirmed.