West Chicago St. R. R. Co. v. McKeating.

---

## West Chicago St. R. R. Co. v. John McKeating.

68   437<br>107   406

1. NEW TRIALS—*Misconduct of Counsel.*—Trial courts ought to visit the penalty of a new trial upon counsel who overstep the limits of fair argument, and all authority demands such a course as being the most effectual remedy in such matters.

**Trespass on the Case**, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed January 21, 1897.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

ROSS & TODD, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

In this case the jury returned a verdict for $10,000, from which the trial court required $6,000 to be remitted, and judgment was entered for $4,000.

The appellee was injured by being run upon and having his right leg broken by a cable car, operated by the appellant in a public street, at a time when he was about two years old.

At the time of the trial, which was about thirty-three months after the accident, the child's leg was well, so far as objective symptoms were shown, except, mainly, that it contained some scars on the lower part of the leg, that there was a slight turning inward of the foot, and a measurement around the calf of one-half inch less than the calf of the other leg.

That $10,000 was an excessive award of damages under such circumstances, was conceded by the trial judge by requiring a remittitur of three-fifths of its amount as a condition to not granting a new trial, and by counsel for appellee by accepting such requirement.

Such a circumstance requires us to look closely to discover what is in the case that resulted in such a confessedly wrong verdict, and justified making good in part that which was admitted to be so flagrantly bad as a whole.

. Aside from the proneness of juries to mulct corporations, enjoying public franchises, in heavy damages in personal injury cases, we find in the record extraordinarily unfair and improper appeals to the jury by counsel for appellee in his closing argument.

It may, probably, be presumed by us that, in part at least, because of such remarks, the trial court required a partial remittitur to be entered as a condition for not granting a

new trial. Condonation of such offenses in such a way, may, perhaps, sometimes be made with propriety, where counsel will not heed the admonitions of the court during the trial, but we are unwilling to set a precedent of approval upon such a course where court and counsel unite in agreeing that three-fifths of a verdict due to such causes, is bad.

We need not single out the objectionable remarks. To do so would add nothing to what is common knowledge with counsel, so learned and able as he who erred in this case. It is enough to say that in none of the numerous cases where this court has spoken upon the subject, and where other courts have likewise spoken, was there, so far as we recall, anything more likely to unduly inflame the passions of the jury against the defendant, than occurred in this instance.

If trial courts do not rebuke such conduct in a manner that will be heeded, as it is their duty and power to do, we must apply the corrective that is neglected by them.

In the recent case of N. C. St. R. R. Co. v. Leonard, 67 Ill. App. 603, we said that trial courts ought to visit the penalty of a new trial upon counsel who overstep the limits of fair argument. All authority demands such a course as being the most effectual remedy in such matters. We also indicated in that opinion that where it could be plainly seen from the record that an abuse of discretion in such regard had been committed, this court would reverse a judgment based upon a verdict obtained by illegitimate argument.

This court has lately, in W. C. St. R. R. Co. v. Krueger 67 Ill. App. 574, for the cause we have been speaking of, reversed a judgment for $35,000, rendered upon a verdict for $50,000, without permitting opportunity for a further remittitur here, and this judgment will, in accordance with that precedent, be reversed also, and the cause remanded.

MR. JUSTICE GARY.

The inflammatory remarks of counsel, followed by such a verdict, demonstrate that no cool, fair, impartial consid-

eration of the merits of the case was attempted by the jury, but that the verdict was a mere "whack" at the railroad.

The office of courts is to administer justice in accordance with "due process of law."