George V. B. Weeks, Appellee, v. J. L. Jones, Appellant.

Gen. No. 6,204.

1. ATTORNEY AND CLIENT, § 134*—*when evidence as to good character of attorney incompetent in action for fees.* On the trial of an action of assumpsit for attorney's fees in the Circuit Court on appeal from the Justice's Court, testimony that the plaintiff's reputation for honesty and fair dealing was good, *held* incompetent, even though remarks attacking the plaintiff's reputation in that regard were made by the defendant's attorney in his opening statement, since such remarks are no part of the pleadings in such an action.

2. APPEAL AND ERROR, § 546*—*when evidence objected to and preserved for review considered on appeal.* Where admission of testimony is properly objected to and preserved for review, the ruling will be passed upon on appeal, although similar testimony is subsequently introduced without objection.

3. INSTRUCTIONS, § 153*—*when refusal to modify requested instructions not error.* A refusal of the trial court to modify bad requested instructions and give them as modified is not error.

Appeal from the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed February 8, 1916.

I. I. HANNA, for appellant.

GEORGE V. B. WEEKS, *pro se;* R. D. MILLS, of counsel, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE CARNES delivered the opinion of the court.

Appellee, George V. B. Weeks, a lawyer, sued appellant, J. L. Jones, before a justice of the peace for attorney's fees claimed to have been earned in his service. A trial in the Circuit Court on appeal resulted in a verdict and judgment for the plaintiff for $73. The defendant brings the record here for review. The evidence is conflicting, the conclusion to be drawn from the testimony largely depending upon which of the parties to the action is to be believed as a witness in statements where they directly contradict each other. We express no opinion as to the weight of the testimony. The plaintiff introduced as witnesses three lawyers. The first testified over the objection of the defendant that the plaintiff's "reputation here at this bar for honesty and fair dealing is good." The second that the plaintiff's "reputation is good in the community in which he lives for honesty and fair dealing." The third testified without objection that the plaintiff's "reputation in this community in the practice of his profession, as a reputable citizen, and a member of the bar for honesty and fair dealing is good." There can be no doubt that this testimony was incompetent. That the character of a party to a suit in assumpsit is not an issue hardly needs the citation of authority, but see Greenleaf on Evidence (15th Ed.) vol. 1, sec. 55. Appellee tries to sustain this ruling of the court by the statement that this is a justice proceeding, with no written pleadings; that we must assume there were oral pleadings, and as they have not been preserved in the bill of exceptions we should infer that there was some oral pleading justifying this evidence. The record shows that the evidence was offered because of the opening statement of counsel for defendant, but does not show what that statement was. Appellee's counsel in his brief says that appellant in his opening state-

ment of the case charged appellee with being dishonest and a shyster attorney of no standing in the community, and therefore this testimony was competent.

Section 19 of our Justice Act (J. & A. ¶ 6915) provides that "the justice shall, at the request of either party made before the trial shall have been entered upon, require the other to exhibit his account or state the nature of his demand or set-off in writing, and upon the trial may preclude the party failing to do so from giving evidence of the same or such part thereof as shall not have been exhibited or stated." Aside from this statute the law practically is that all proper pleadings are considered in, and any evidence should be received that would be admissible under proper pleadings if the case had been begun in a court of record. The statement suggested by the statute is usually not found in records presented here, and we assume in actual practice it is often not made. The statute only requires it on the request of the other party. The opening speech of counsel made on the trial is in no sense a pleading. It would lead to absurd results to · treat every statement so made by counsel as presenting an issue on which proof could be introduced. We cannot presume that statements not shown in the record were made, and cannot imagine pleading proper or improper that would permit a court to stop in the trial of an ordinary assumpsit suit to hear evidence pro and con on the reputation of one of the parties to the action. After this character of testimony had been introduced over objection by two witnesses, the defendant permitted the third witness to testify without objection, but the question was nevertheless saved for our review (*Anglo-American Packing & Provision Co. v. Baier*, 20 Ill. App. 376; *Aetna Life Ins. Co. v. Paul*, 23 Ill. App. 611; *Taylor v. Pegram*, 151 Ill. 106); though the rule would be different if the testimony had been first admitted without objection and later testimony to

218        APPELLATE COURTS OF ILLINOIS.

the same effect objected to. *People v. Nall,* 242 Ill. 284.

We find no other substantial error in the record. Counsel for appellant argues that the court erred in not modifying, and giving as modified, a bad instruction offered by him. It is not the duty of the court to amend or modify erroneous instructions, although he can do so if he sees fit. *Rolfe v. Rich,* 149 Ill. 436. The testimony of the three lawyers as to plaintiff's reputation above referred to must be presumed to have had weight in the minds of the jury in determining their verdict, and for that reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*