## GEORGE M. MIXELL and PHARES MIXELL
### *v.*
## JOHN LUTZ.

1. FRAUD — *conveyance to a minor.* The conveyance by a father to a minor son is not fraudulent, unless intended to hinder and delay creditors. If the father is not in debt at the time he procures a deed to be made to his minor son, such deed, as to debts afterwards contracted by the father, is not fraudulent.

2. SAME — *giving credit.* Persons giving credit to the father, after such a conveyance, are not misled to rely upon the property as security, and are therefore not defrauded.

3. EVIDENCE — *interest of witness, party defendant.* A defendant in a bill, against whom relief is not sought, is a competent witness for his co-defendant, against whom a decree is asked; and the wife of such a nominal defendant is equally competent for a defendant against whom relief is prayed.

4. SAME — *complainant's incompetency.* A complainant is incompetent to testify in his own favor, to establish his claim; and when permitted to do so it will be error, for which a decree in his favor will be reversed.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JAMES HARRIOTT, Judge, presiding.

This was a bill filed by the defendant in error, in February, 1862, in the Tazewell Circuit Court, alleging that he recovered a judgment against one Phares Mixell, one of the defendants, on the second day of September, 1861, for $525 and costs, and had execution issued and returned, no property found, against

Phares Mixell; and that Mixell was well able to pay it, but had fraudulently conveyed his property to defraud his creditors; and alleging that, on the 21st of September, 1852, Phares Mixell was indebted to him in the sum of $1,000, and said indebtedness originated in money loaned and work and labor done by him for Mixell; that Phares Mixell bought of James Phillips the west half of the northeast quarter of section thirty-one, township twenty-three, range four, and took a deed in the name of George P. Mixell, his son, then but five years old, and without money to pay for the same, and that Phares Mixell actually paid for the land; and that he loaned Mixell part of the money to pay for the land; and that Mixell was at that time greatly indebted to other persons, and took the conveyance in the name of George P. Mixell, to hinder and delay his creditors; and that Phares Mixell is still greatly indebted; and that the deed from Phillips to George P. Mixell ought to be set aside, and the land made subject to his debts, &c.; making Phares Mixell and George P. Mixell defendants, waiving their answers under oath, and praying that the deed from Phillips might be set aside, and for general relief.

The defendants, Phares Mixell in person, and George P. Mixell by his guardian *ad litem*, deny all material allegations in the bill, and call for strict proof.

To which Lutz filed a general replication, and on hearing the evidence in the cause, the court entered a decree setting aside the deed from James Phillips to George P. Mixell, as fraudulent, and requiring, in default of payment of the judgment and costs to Lutz, that the land be sold to pay the same, &c.

Defendants below bring the cause to this court, and ask a reversal on the following assignment of errors:

1. The court received improper evidence for the complainant.

2. The testimony given in the case does not support the finding of the court, or the decree rendered.

3. The decree is manifestly against the law and the facts.

4. The decree, upon the evidence, should have been for the defendants, and the bill dismissed.

Mr. B. S. Prettyman, for the plaintiff in error:

1. The complainant, to support the issue on his part against the objections and exceptions of defendant, George P. Mixell, now plaintiff in error, by permission of the court, proved the statements of Phares Mixell, and the complainant's own statement of fact in support of his own case against George P. Mixell. This is erroneous. 15 Ill., 10. And complainant also offered his own testimony as a witness in his own behalf in this case, which the court admitted and heard, against the objections and exceptions of George P. Mixell; and upon complainant's own testimony in support of his own case, so given, together with his own statements to others, so proved, and the statements of Phares Mixell so proved by others, the decree in the cause is principally founded. And that a complainant cannot be lawfully examined as a witness in his own favor, in support of his own interest, against the protestations and objections of the opposite party, would seem to be so palpable an axiom in our jurisprudence, so clearly opposed to all of the rules of our law and all known decisions of our courts and precedents of authority, that it would only require to be stated and be shown to have been permitted, to be condemned by the court, and the decree rendered upon such testimony overruled at once. Indeed, the defendant in error himself seems to admit it is indefensible, by tacitly admitting, in his brief in defense, that the receiving of this testimony is itself an error. But the authorities forbid it. 2 Daniel's Ch. Prac. 1035–1037, and notes and references cited.

2. But if there was sufficient testimony without the evidence of Lutz in his own favor, and without the proof of his statements and proof of the statements of Phares Mixell, why introduce them at all? Who can say what weight, in forming the decree, the testimony has had that is received in the hearing of the cause? The proof of the statements of Lutz and Mixell, as against George P. Mixell, is clearly improper, because they are the statements of those interested against him, not spoken in his presence, and are also but hearsay evidence,

and incompetent; and for these reasons they should not have been received. *Cochran* v. *McDowell*, 15 Ill. 10.

3. But it is alleged that the testimony of Phares Mixell and his wife, for the co-defendant, George P. Mixell, and from whom the money came which paid for the land in controversy, which was deeded to the defendant, George P. Mixell, was improperly received for the defendant, George P. Mixell, because they were co-defendants and charged with the fraud, and relief is prayed against them. But it is not against Phares Mixell or his wife that relief is particularly sought, though they are charged with the fraud; the relief is against George P. Mixell, the owner of the land, the deed of which is sought to be set aside, and their admission as witnesses is fully supported by the case of *Nelson* v. *McDowell*, 6 Johns. Ch., 201; 2 id. 550; 1 Johns. 556, 577; *Beebe* v. *Bank of N. Y.*, 4 Scam. 139.

4. The case offered by defendant in error in 3 Johns. Ch. 612, has no application, as it relates only to a case of a co-defendant against whom relief is directly sought, and who is interested in favor of the party calling him; while in this case Phares Mixell is interested in paying his debt out of the property of George P. Mixell, and therefore interested against George P. Mixell, who calls him to testify.

Messrs. ROBERTS and IRELAND, for the defendant in error.

1. It is a well established principle that courts of equity will grant relief upon the ground of fraud established by presumptive evidence, which evidence courts of law would not always deem sufficient to justify a verdict at law. 1 Sto. Eq. Juris. 190.

2. Fraud may be presumed from the circumstances and condition of the parties contracting; and this goes farther than the rule of law, which is, that fraud must be proved, and not presumed. 1 id. 190.

3. One defendant cannot be a witness for a co-defendant charged with fraud, when relief is prayed against both of said

defendants. 2 Johns. Ch. 201; 3 id. 612; 2 id. 550; 4 Scam. 139.

4. To make a deed fraudulent and void as to creditors, it is not necessary to prove that the party was insolvent at the time, if it appears that the intention was to hinder and delay creditors. *Richardson* v. *Smallwood,* 1 Chit. Eq. Dig. 617.

5. Where a husband is interested favorably in the result of the suit which disqualifies him, it also disqualifies his wife from being a witness. 3 Bouv. Inst. 433. In this case, Phares Mixell was interested favorably in the result of the suit, and hence both he and his wife were wrongfully admitted to testify.

6. The 1st error assigned, that the court received improper evidence, seems not well taken by plaintiff in error, for the only evidence admitted on the part of the complainant that could be objected to, was the evidence of Lutz, the complainant. If there was any error in the admission of complainant to testify, it was more than counterbalanced by the previous admission of the evidence of Mixell and his wife.

7. There can be no doubt, from all the evidence adduced, that there was no error in rendering the decree setting aside the deed from Phillips to the infant, George P. Mixell.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, filed for the purpose of having a deed canceled, which had been made to the son of Phares Mixell, who was a minor. It appears that the father negotiated the purchase of the land, paid the money and had the conveyance made to the son, which is claimed to have been fraudulent and void as to creditors, complainant claiming to be one of the number. It is alleged that he recovered a judgment at law against Phares Mixell, upon which execution was issued and returned no property found. The deed was executed in September, 1852, and the judgment was recovered in September, 1861, about nine years after the conveyance was executed. It abundantly appears from the evidence, that George P. Mixell, the minor, to whom the conveyance was made, paid no

portion of the purchase-money. But this, in itself, does not establish fraud, unless it also appeared that the deed was so made for the purpose of hindering and delaying creditors of the father. There is no evidence that the father owed any other person at the time, and it is denied that he was indebted to defendant in error.

If the conveyance was made before the indebtedness was incurred, then there was no fraud, as there was no design to hinder or delay creditors at the time; and the credit was not given upon the supposition that this property could be rendered liable for its payment. But if there were, at the time, other creditors, and the conveyance was made to defraud them, and the father owed the defendant in error nothing, we are at a loss to perceive what right he has to complain. They no doubt could have filed a bill and had the deed canceled and the property subjected to the debts of the elder Mixell, and if more than sufficient to pay them and defendant in error had reduced his debt to a judgment before the surplus had been disposed of, he might, no doubt, have subjected it to the payment of his debt. But the deed was valid and binding until avoided by some creditor who had been defrauded. Persons afterwards giving credit have no right to complain, as they did not look to the property as security for their debts.

We now come to the question whether this debt existed at the time the conveyance was made. The father and mother both testify that in 1852, after defendant in error had recovered from his sickness, the parties looked over their accounts, and the balance which was found to be due to defendant in error was by agreement to be applied to pay the physician's bill, and to pay Mrs. Mixell for nursing him in his sickness. Phares Mixell also testifies that he borrowed no money of defendant in error to pay for the land, as alleged in the bill, nor was any of his money paid for that purpose. Both the father and mother of plaintiff in error testify that defendant in error advised the purchase of the land for George, and that he agreed to take the other half of the quarter section, but failed to do so for the want of means, which he had expected to col-

lect at St. Louis. They also testify that the money paid for the land belonged to George's mother, and came to her from her father's estate. And this evidence is corroborated by the testimony of other witnesses. If this evidence may be relied upon, no portion of the money of defendant in error was paid for the land, nor was Phares Mixell indebted to him when the conveyance was made.

It was, however, objected that the father and mother were incompetent as witnesses for the son. The father was a co-defendant, but that of itself is not sufficient to disqualify him. The rule is, that a defendant to a bill may be examined by his co-defendant if his testimony does not affect his own interest; or in case his interest is equally balanced between the parties, he is competent. In this case the father's interest could not be injuriously affected by the decree. If a decree was rendered subjecting the land to the payment of his debt, it would be an appropriation of so much of the son's property for the satisfaction of his liability, whilst if it was not rendered liable, it left this debt unpaid. His interest was then against his co-defendant, and in favor of defendant in error. If his co-defendant saw proper to call him against his own interest, no reason is perceived why complainant should have a right to complain.

The practice, however, in a court of chancery, has never authorized the complainant to testify in his own behalf any more than at law. We are aware of no adjuged case which sanctions such a practice, and we have no power, even if so inclined, to change the rule. It is not even contended that the practice authorized complainant to testify in his own favor. It is contrary to the practice, and his evidence must be rejected as unauthorized.

We do not discover that the evidence in the case established any fraud in the transaction, and the decree of the court below must therefore be reversed and the cause remanded.

*Decree reversed.*