## Racine Wagon and Carriage Company v. D. M. Roberts and Ella F. Jones.

1. HUSBAND AND WIFE—*Gifts.*—In this State, subject to the rights of his creditors, a husband may give to his wife all the property he has.

2. SAME—*Conveyances—Who Can Not Question.*—A creditor whose debt is not contracted until after a conveyance by a husband to his wife, can not question the validity of the same.

3. ESTOPPEL—*Binds Privies.*—Where a person is estopped by his deed from claiming that property is his, a party who claims under him is bound by the same estoppel.

**Memorandum.**—Creditor's bill. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

JAMES R. DOOLITTLE and SAMUEL B. KING, attorneys for appellant.

J. W. MERRIAM, attorney for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a creditor's bill based upon a judgment against D. M. Roberts. An endeavor was made to subject certain real property, the title to which stands of record in Ella Jones, to the payment of the judgment. The property seems to have been purchased by Louie Roberts when she was the wife of D. M. Roberts, and she afterward conveyed the same to Ella Jones, her step-daughter, in payment of notes amounting to about $2,000, made by Louie Roberts and held by Ella Jones. When D. M. Roberts married Louie Roberts, she had $10,000 in money. They were married in New Hampshire. Mrs. Roberts seems to have always managed her own property, and to have put a good deal of money into business in which her husband was engaged.

It is insisted that at the common law a wife's personal property, in possession, passed and became the property of the husband, and that it must be presumed that the common

law existed in New Hampshire, consequently that the $10,000 in money possessed by her when she was married, became his property. '

Granting that this is the case, D. M. Roberts, when he came to Illinois, could, subject to the rights of his creditors, give to her all that he had. The property in question, if purchased or improved with his money, was conveyed to her, and, under the evidence in this case, must, if acquired with his means, be presumed to have been a gift by him to her. He may have been then insolvent, but neither any of his then creditors, nor any` person induced to give him credit by reason of his apparent or supposed ownership of this property or the money paid therefor, is seeking to set aside the gift, if such it was. Appellant's debt was not contracted until several years after the conveyance to Ella Jones was made.

The complainant in this case is, therefore, not entitled to impeach the conveyance to Ella Jones. Moritz v. Hoffman, 35 Ill. 553; Merrill v. Lutz, 34 Ill. 382; Wooldridge v. Gage, 68 Ill. 159.

Ella Jones gave a valuable consideration for this property.

It is not shown that she knew it was a trust estate. She had, so far as appears, no reason to suppose that D. M. Roberts and her mother had not a perfect right to.convey it to her. It is claimed that it was then held by Louie Roberts, in trust for D. M. Roberts; but D. M. Roberts joined in the conveyance to Ella Jones; she took title from both the trustee and him for whom the trust was, if any trust there was. D. M. Roberts is estopped by his deed from claiming that the property is his, and the complainant, who claims under him, is bound by the same estoppel. Maxwell v. Maxwell, 109 Ill. 588–591; Smith v. Smith, 144 Ill. 299–307; Bowman v. Ash, 143 Ill. 649–665; Sweeney v. Damron, 47 Ill. 450–457; Bridgeford v. Riddell, 55 Ill. 261, 263, 267; Perry on Trusts, Sec. 147.

There is no evidence that the conveyance to Ella Jones was made to hinder, delay or defraud creditors.

The decree of the Superior Court is affirmed.