Eden v. Bohling.

---

## Walter Eden, Executor, v. George B. Bohling, Walter S. Craig and Emma Lee.

1. Husband and Wife—*Gifts of Household Furniture.*—A gift of household furniture by a husband to his wife, whether in writing or by parol, is valid, except as against his creditors at the time.

2. Verdicts—*Evidence Discussed and Verdict Approved.*—In this case the court discusses the evidence and holds that the verdict of the jury was properly rendered.

Replevin, for household furniture. Appeal from the County Court of Moultrie County; the Hon. Isaac Hudson, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 19, 1896.

John R. Eden, attorney for appellant.

R. M. Peadro and F. M. Harbaugh, attorneys for appellees.

Mr. Justice Pleasants delivered the opinion of the Court.

This was an action of replevin, brought by appellant

against appellees, to recover the entire outfit of household and kitchen furniture, described by items, remaining and found in the residence of Edwin L. Shepherd upon his death.

Of these, one cook stove with its utensils, one rocker, one feather bed, one mattress, one bedspring, one bedstead, and one other bed spring were claimed by the defendant Emma Lee, and all the rest by the defendant Bohling, as trustee under the will of Anna M. Shepherd, except one lounge, two carpets and wearing apparel of Edwin L. Shepherd, which defendants disclaimed.

These claims were set up by appropriate plea, and the issue made by replication thereto was the only matter in controversy.

The jury found for the defendants; upon which, after a motion for a new trial overruled, a judgment followed, awarding a return of the property replevied, and plaintiff appealed.

Edwin L. and Anna M. Shepherd were husband and wife. They commenced their married life with little means. In April, 1881, they opened the Maple House in Sullivan, which was burned in 1882 or 1883, whereby a portion of the furniture was destroyed. They then went to Missouri, where they remained twelve or fifteen months, when they shipped their goods and returned to Bethany, Ill. In April, 1886, he went into the saloon business at Sullivan, in which he was successful, and from time to time during her life purchased and put into their residence adddditional furniture, besides accumulating a considerable sum of money.

On the 16th of December, 1889, she died, leaving no descendent, but a will, which was duly probated, January 6, 1890, whereby she devised certain town lots and bequeathed her personal property (except her piano, which she left to Mrs. Margaret Craig), including "all the household furniture, books and works of art," to appellee George B. Bohling, as trustee for her husband, all of which, or the income, or if necessary, the principal of the proceeds of such as should be sold, were to be held, invested and paid over by said trustee,

as therein directed, for the use and benefit of her said husband for and during his natural life, except that her brother, William A. Hawkins, was to have the use of two lots in Sullivan, described, during the lifetime of her said husband, rent free, provided he kept them in good repair and paid all taxes and assessments thereon. It directed that her husband should take the best care of her mother while they lived, and if she survived him, that the trustee should " procure the best care possible " for her during her natural life; that if any of the real estate mentioned should remain unsold at the death of her husband, then two lots described, "together with the household furniture, should be sold by said trustee, George B. Bohling, to the highest bidder, and the proceeds of said sale divided, share and share alike, between Mrs. Etta Bohling, wife of George B. Bohling, and Mrs. Margaret Craig, wife of Walter S. Craig," and the other lots remaining should descend to her brother, William H. Hawkins, his heirs and assigns forever. Whatever other personal property, " notes, accounts, money and security for money, evidences of debt and of title " should also be so left, was to be disposed of by said trustee in the best possible manner and the proceeds divided equally between Mrs. Bohling and Mrs. Craig, above named.

This will was dated September 14, 1889, three months before her death, and appellant introduced evidence of her statement that she so disposed of the household furniture in order that the creditors of her husband or his brother should not deprive him of the use of it or of its proceeds.

It appears that on June 14, 1878, Edwin L. Shepherd made to his wife a bill of sale of the household furniture they then had, which was put on record in the clerk's office at Sullivan. How he disposed of what he bought afterward during her life was not directly shown, but the jury may have well inferred from the fact of such transfer in 1878, his apparent acquiescence in the provisions of her will, and his own will, that he had given it also to her.

He died April 24, 1895, having survived her upward of five years, during which he continued to keep house, use the furniture and carry on his business as before.

By his will dated March 20, 1895, and duly admitted to probate, he made specific bequests of all the property therein mentioned, without an allusion to household furniture. After directing the payment, first, of his funeral expenses, the only indebtedness against himself or his estate referred to, he bequeathed to James W. Winters, in trust for the support and education of T. E. Craig, a certificate of deposit for $800, and also $1,000 to be paid to him out of any money that might be due and owing to the testator at the time of his death, or thereafter to become due to his estate from George B. Bohling of Versailles, Missouri; and directed that whatever should remain of this fund when the beneficiary arrived at full age be paid over to him. Next, he bequeathed another certificate of deposit, also for $800, to appellee Emma (in the will named Emily) Lee, and provided that in case of the death of said T. E. Craig before he shall arrive at the age of twenty-one years, whatever should then remain of the fund bequeathed in trust for him should also go to her. Lastly, he bequeathed "any saloon fixtures and stock" of which he should be the owner at the time of his decease, to James W. Winters. The property above mentioned is all that is disposed of by the will or in any way therein referred to.

It contains no residuary clause, nor any general description which might cover household furniture. Whatever may have been the indebtedness referred to as due or becoming due from George B. Bohling, it could not have had any relation to the household furniture, or any other property bequeathed or devised to him in trust by the will of Mrs. Shepherd. For the testator himself had the possession and use of it to the time of his death. It does not appear that Bohling ever received a dollar on account of any of the trust property. If her husband gave her the furniture she so disposed of, whether by an instrument in writing or not, the gift was valid, although they were living together, except as against his creditors at the time, if there were any. R. S., Ch. 68, Sec. 9. But the record contained no intimation that he was at all in debt when he made the bill of sale in

1878, or at any time thereafter came to be so. He seems to have been devoted to her. Although they had no child and the family consisted of themselves, and perhaps his mother-in-law, he relieved her of labor and care as far as he could by employing a housekeeper and generally another woman servant. The expressions and provisions of her will indicate that she was equally devoted to him. She left to him, and protected for him against possible creditors, the use for life, of substantially all she had, and trusted him to take care of her mother. When he came to make his will he must have known of these provisions of hers. He could not have overlooked the furniture, nor would an intention to leave it as intestate property be presumed. From these facts, notwithstanding he may have always paid the taxes on it and been heard at times to speak of it as his, it may be fairly inferred that he had given her all of it that she attempted to dispose of.

Of that claimed by appellee Emma Lee, there is positive proof that he gave her the cooking stove and utensils, the rocker and one bedstead. He bought them at different times, and expressly stated that he bought them for her and gave them to her. His regard for her is sufficiently attested by the liberal bequests he made to her. She had been his housekeeper for years, had gone with the family to Missouri, been with them ever since, nursed him throughout his last illness, and, with appellee Walter S. Craig, as a representative of trustee Bohling, was in possession of the house and furniture when the writ of replevin herein was executed. The articles above mentioned as given to her by him, excepting the cooking stove and utensils, were then, as they had been, in the room she had occupied as hers, and in use by her. She had no other residence, and their presence and use therein by her was sufficient evidence of their delivery by him and actual possession by her. The ownership of the other articles claimed by her is not directly shown, but they also were in the house, if not in her room, and since they were neither claimed by the trustee, nor disposed of by the will of Mr. Shepherd, we will not say the jury

were not justified in finding they were not the property of appellant as executor of last will.

Errors are assigned upon some of the rulings in regard to the instructions and evidence, but we see in them nothing materially wrong or requiring particular notice. The judgment will therefore be affirmed.