Lorenzo M. Morey, Adm'r, etc., v. R. W. Wiley, Adm'r, etc.

1. GIFTS—*Definition—When Valid as Between Husband and Wife.*—A gift is a voluntary, immediate and absolute transfer of property without consideration, and as between husband and wife is valid except as to existing creditors.

2. SAME—*Delivery, When Between Husband and Wife.*—When a

wife intends and attempts to give, and believes that she has given to her husband certain promissory notes signed by him, payable to her, and released him from liability upon them, and such notes are upon his death found among his effects, such fact, undenied and unexplained, raises the presumption of their delivery to him in his lifetime.

3. SAME—*By an Obligee—Evidence of Execution.*—The intention of an obligee in a promissory note to make a gift to the obligor is sufficiently executed by an indorsement of payment upon such note in the presence of the obligor.

4. SAME—*Indorsements on Notes, When Evidence of the Extinguishment of the Debt.*—An indorsement made upon a note in the presence of the obligee with the deliberate and expressed intention to make a gift is an extinguishment of the debt to the extent of the indorsement.

5. SAME—*Of Debts Due from the Donee to the Donor.*—A debt due the donor from the donee may be forgiven as a gift, and when the transaction is complete, the debt is extinguished and can not be enforced afterward.

**Claim in Probate.**—Appeal from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

CONNELL & THOMASON, attorneys for appellant.

KIDDER & KIDDER and GRIER & STEWART, attorneys for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

On April 5, 1897, John A. Sprowl and Sarah M. Parshall were married. They lived alone in Warren county, Illinois, until September 8, 1900, when Mr. Sprowl died. No child or children were born to them, and during their married life Mrs. Sprowl was in a weak and sickly condition. Upon the death of Mr. Sprowl, Mrs. Sprowl was moved to Aledo, Mercer county, where she made her home. Her condition of mind was such, that, after her removal to Aledo, Lorenza B. Morey was appointed her conservator. This disability continued until Mrs. Sprowl's death on November 19, 1900, or a little more than two months after the demise of her husband. On November 22, 1900, Lorenzo B. Morey (formerly conservator) was appointed administrator of the estate of Mrs. Sprowl by the County Court of Mercer County. R. W. Wiley had theretofore

been appointed administrator of the estate of Mr. Sprowl by the County Court of Warren County.

At the time of the death of John A. Sprowl some of the neighbors, including Mr. Wiley, the administrator, made some investigation of the contents of two trunks which were in the house of Mr. and Mrs. Sprowl.

Among other papers found in these trunks, were three notes, one dated June 8, 1893, for $225; one dated June 24, 1891, for $170; and one dated April 11, 1892, for $125. These notes were all made payable to Sarah M. Parshall and signed by John A. Sprowl. Each of the notes bore interest at six per cent; and an indorsement on the one dated June 24, 1891, shows five dollars interest paid June 4, 1894, and on the one dated April 11, 1892, $16 interest paid March 30th. Each note also showed the following indorsement. "Paid July 12, 1898. M. Boozan, Jr., witness." Mr. Morey, then conservator of Mrs. Sprowl, learning that Mr. Wiley, the administrator of Mr. Sprowl's estate had possession of said notes, procured copies of them, and, as conservator of Sarah M. Sprowl, filed a claim in the County Court of Warren County against the estate of John A. Sprowl, deceased, for $760.50 (being the principal and interest due on said notes to that date); the hearing on the claim was had in the County Court of Warren County on March 23, 1901, and the claim was disallowed and judgment rendered against L. B. Morey, administrator of the estate of Mrs. Sprowl, for costs. The case was appealed to the Circuit Court of Warren County, where it was tried at the May term thereof by the court, a jury having been waived, and the findings were again in favor of the estate of John A. Sprowl, deceased, and judgment was rendered against the estate of Sarah M. Sprowl, deceased, for costs. The case is brought to this court by appeal from the judgment of the Circuit Court.

The only defense to the claim is, that Mrs. Sprowl, on the 12th day of July, 1898, made an absolute gift of the notes to her husband, John A. Sprowl, thereby forgiving the indebtedness evidenced by the notes.

The testimony of Mr. Boozan is undisputed, and is to the effect that on the 12th day of July, 1898, while at the resi dence and in the presence of Mr. and Mrs. Sprowl, the notes in question were produced. Mr. Sprowl said his wife did not want him to pay the notes. Boozan asked her if she desired to give them to her husband. She replied that she did. Mr. Boozan then said, "In case you die before he does, you do not want him to pay them." She replied, "That is it exactly." She used various other expressions indicative of a desire and intention to give the notes to her husband and to release him from any liability to pay them. Mr. Boozan thereupon, with the assent and approval of Mrs. Sprowl, wrote upon each of the notes the words: "Paid July 12, '98. M. Boozan, Jr., witness."

If the only things said and done were the statement of Mrs. Sprowl that if she died first it was her desire that her husband should not be required to pay the notes, we would not be inclined to hold the gift was executed or valid.

A gift is a voluntary, immediate and absolute transfer of property without consideration. A gift between husband and wife is valid except as to existing creditors. (Eden v. Bohling, 69 Ill. App. 307.)

The record shows that Mrs. Sprowl intended and attempted to give, and believed that she had given the notes to her husband and thereby released him from liability, upon them. They were, upon his death, found in his trunk, with other personal and private papers, canceled by the indorsement made by Mr. Boozan, which she approved. The fact that they were found in his trunk immediately upon his death, undenied and unexplained in view of what occurred when Mr. Boozan was present, raises the presumption of their delivery to Sprowl in his lifetime.

The intention of an obligee to make a gift to the obligor is sufficiently executed by an indorsement of payment in the presence of the obligor. Estate of Mary Lewis, deceased, 139 Penn. St. 640.

Indorsements made upon a note in the presence of the obligee, with the deliberate and expressed intention to make

a gift, are an extinguishment of the debt to the extent of the indorsement. Green v. Langdon, 28 Mich. 221.

A debt due the donor from the donee may be forgiven as a gift, and when the transaction is complete the debt is extinguished and can not afterward be enforced. (8 Am. & Eng. Ency. of Law, 1st Ed., 1321.)

We hold that the notes were given by Mrs. Sprowl to her husband and the liability to pay them was thereby extinguished.

The judgment of the Circuit Court is affirmed.