### Emma Koch, Appellant, v. W. A. Sallee, Appellee.

1. HUSBAND AND WIFE—*wife may acquire property from husband.* Since the Married Woman's Act of 1874 a wife may acquire property from her husband.

2. HUSBAND AND WIFE—*wife's property is not subject to disposal by husband.* Since the Married Woman's Act of 1874, if a husband, not being in debt, gives his wife money and she buys property with it, or if she buys property and her husband pays for it, or if he gives her property without prejudice to the rights of any of his creditors, the property is not subject to the disposal, contract or interference of the husband.

3. HUSBAND AND WIFE—*when husband may not dispose of wife's property.* Where a wife buys a piano which is paid for by the husband, and a person knowing that the wife claims it obtains it from the husband in a trade against her protest, in trover by the wife against such person, it is error to give a peremptory instruction to find for the defendant.

Appeal from the City Court of Litchfield; the HON. PAUL Mc-WILLIAMS, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed October 15, 1912.

T. A. GASAWAY, for appellant.

J. H. ATTERBURY, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

This is a suit in trover begun by Emma Koch to recover from W. A. Sallee, the value of a piano, which the plaintiff avers she owned and the defendant converted to his own use. The court at the close of plaintiff's evidence instructed a verdict for the defendant, on which judgment was rendered and the plaintiff appeals.

The evidence shows that in May, 1902, Emma Koch and her husband Julius Koch, were living together as husband and wife; that Julius Koch was running a cigar factory in which his wife worked; that Emma Koch ordered a piano from a catalogue through V. Hoffman; that the piano was shipped from the factory to Hoffman and he delivered it to appellant at the home of her husband; that the husband gave notes, secured by a chattel mortgage on the piano for the full amount of the purchase money, payable $25 per month until the full amount of the purchase price was paid. The notes were paid by Hoffman taking cigars from Julius Koch's factory.

In 1910 the appellee several times went to the residence of appellant and her husband to buy or trade for the piano, and each time was told that it belonged to appellant. On one occasion appellee sought to trade to appellant's husband a town lot for the piano and the husband said to him: "Go to my wife, my wife owns the stuff, and talk to her." The appellee said to Mrs. R. F. Wood that he saw appellant and wanted to trade a lot in Arco Park and she wouldn't trade; "you see I didn't want to buy her piano, I wanted to trade for it." In the spring of 1911, while appellant was absent from home on a visit to a daughter in St. Louis, the appellee made some deal with her husband by which he obtained the piano.

The appellee contends that under the rule announced in Farrell v. Patterson, 43 Ill. 52, and Reeves v. Webster, 71 Ill. 307, the peremptory instruction to the

jury to find in favor of the defendant was properly given. These cases were decided while the Married Woman's Act as passed in 1861 was in force. That act provided "That all the property belonging to any married woman * * * or which any married woman, during coverture, acquires in good faith, from any person other than her husband by descent, devise or otherwise * * * shall notwithstanding her marriage be and remain during coverture her sole and separate property under her sole control and be held, owned, possessed and enjoyed by her the same as though she was sole and unmarried; and shall not be subject to the disposal, control or interference of her husband, and shall be exempt from execution or attachment for the debts of her husband." In 1874, the Married Woman's Act was revised and the clause "acquires in good faith from any person other than her husband" was entirely omitted. As the act now is she may acquire property from her husband. If he, not being in debt, gives her money and she buys property with it or she buys property and the husband pays for it, or if he gives her property without prejudice to the rights of any of his creditors, the property is not subject to the disposal, control or interference of her husband. R. S. chap. 68, sec. 9; Grondenberg v. Grondenberg, 112 Ill. App. 615; Eden v. Bohling, 69 Ill. App. 307; Morey v. Wiley, 100 Ill. App. 76; Racine Wagon & Carriage Co. v. Roberts, 54 Ill. App. 515.

The evidence in the record shows that appellant bought the piano and it was delivered to her in 1902, although her husband paid for it; and that appellee knowing that appellant claimed to own the piano, got it from appellant's husband against the protest of appellant. Under such a state of facts, it was error to give the peremptory instruction to find for appellee.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*